WILLIAM F. SMITH *v.* A. G. HUNT.

Freeholders appointed under act of 22d August, 1868, to lay off a homestead and allot personal property exemption, must be sworn, and it must appear that they were sworn ; and they must make such a descriptive list of the personal property as will enable creditors to ascertain what property is exempted ; and when these requirements have not been complied with, their proceedings may be treated as a nullity by creditors.

INJUNCTION, heard upon motion before *Tourgee, J.,* at Chambers during CASWELL Court, Spring Term, 1871.

The defendant, Hunt, made affidavit that on the 19th of March, 1869, he had his homestead laid off and personal property exemption allotted to him by three freeholders, according to the act 22d August, 1868. That there were at that time sundry judgments and executions against him, and among them one in favor of the plaintiff; that the excess of his homestead and personal property exemption was then sold, but plaintiff's execution remained unpaid ; that since that time plaintiff has procured the sheriff of Caswell to cause his homestead and personal property to be re-assigned under an execution on his judgment against him, and was about to sell the excess ascertained by this last assignment; that some of the property in said excess is a part of that laid off 19th March, 1869, and some is the increase, and that the increase has not exceeded the loss. The parties joined issue, and the cause was heard upon the defendant's affidavit.

His Honor refused the motion for an Injunction, and the defendant appealed.

*Dillard & Gilmer* and *S. P. Hill,* for appellant.
*Scales & Scales* and *Ovide Dupre,* contra.

BOYDEN, J. This was a motion for an Injunction to restrain Smith, a judgment and execution creditor, from sell-

ing property levied upon to satisfy the judgment upon which the execution issued.

The motion, after due notice, was heard by Tourgee, Judge, at chambers, during Caswell Superior Court. The motion was refused and Hunt appealed to this Court. The case does not state on what ground his Honor refused the Injunction. In the argument on the part of the counsel of Hunt in this Court, it was placed upon the ground that the owner of personal property exemption had a right to have at all times an amount equal to five hundred dollars.

Hunt had obtained an order before a Justice of the Peace for three freeholders to lay off his homestead and personal property exemption, and the following is the language in which they set apart the homestead and personal property exemption, to-wit: " A life interest in the tract of land on which he resides containing six hundred and forty-six (646) acres, lying on Dan River, adjoining the lands on the north of R. W. Williams, on the east by the lands of N. Hunt, south, by the lands of Thomas Bigalowe, and west by the lands of A. G. Walters and others, valued at one thousand dollars.

| | |
|---|---|
| Household and kitchen furniture, | $ 26.70 |
| Tools of all description, | 42.00 |
| Stock of all kinds, | 253.00 |
| Crops of all kinds, | 127.00 |

This return was duly registered.

The only question we deem it necessary to notice is whether a personal property exemption laid off in this general way can be sustained. Upon this question the Court entertains no doubt. This homestead and personal property exemption was laid off on the 19th day of March, 1869, under the Act of Assembly, ratified on the 22d day of August, 1868. This Act requires " three disinterested freeholders to take an oath to do impartial justice in the case, and lay off and allot to the applicant a homestead by metes

and bounds, according to the applicants direction, not to exceed in value one thousand dollars, and make a descriptive account of the same, under their hands and seals, and return it to the office of the register of deeds." That said freeholders shall assess of the personal property of said applicant, to be by him selected, articles of personalty, not exceeding in value the sum of five hundred dollars, and make a descriptive list of the same, and return it under their hands and seals to the office of the register of deeds; and it is made the duty of the register without unnecessary delay to register the same. It does not appear that the freeholders took an oath, and further there is no descriptive list, unless the following can be termed a descriptive list:

| | |
|---|---|
| Household and kitchen furniture, | $ 26.70 |
| Tools of all description, | 42.00 |
| Stock of all kinds, | 253.00 |
| Crops of all kinds, | 127.00 |
| | $ 448.70 |

It may be that there was a very potent reason for not taking the oath required by law, as the return states they laid off a life in interest in six hundred and forty-six acres lying on Dan river, estimated at a fraction over one dollar and a half per acre. Is it possible that any three freeholders could be found that under oath would value 646 acres of Dan river lands in Caswell county at one thousand dollars?

As to the personal property exemption, that is void, for the reason that there is no *descriptive list* of the property laid off. The Court deem it of the highest importance that all the requirements of the law should be observed, and especially that the freeholders should be sworn, and that there should be a descriptive list of the property, and that list registered, so that creditors when they desire to levy their debts, may ascertain by examining the descriptive list the property exempted. But how could any creditor ascertain

what property was exempted, if such a return as is made in this case should be held to constitute the descriptive list required by the act. No one could identify the property exempted; nor could he by examining the registry have any idea of the property exempted, or whether it was worth five hundred or five thousand dollars.

In this case it appears that the officer by the direction of Smith laid off the homestead and personal property exemption as now required by law, and then levied upon the excess, treating the action of the freeholders who laid off the homestead and personal property exemption in March, 1869 as a nullity. This we think he had a right to do.

There was no error in refusing the Injunction. The application must be dismissed at the costs of Hunt.

PER CURIAM.                    Judgment affirmed.