PAUL COBLE & WILLIAM D. ROSS *v.* ROBT. D. THOM.

The allotment of "an interest of one hundred dollars in his half of the mill," as the remainder of a homestead, is so vague an indefinite as to be void, and confer no exemption from execution.

It is a fatal defect to a re-allotment of a homestead, for it to appear that the appraisers were not sworn.

(*Smith* v. *Hunt*, 68 N. C. Rep. 482, cited and approved.)

CIVIL ACTION, tried before *Tourgee, J.*, at Spring Term, 1874, of GUILFORD Superior Court.

The suit was brought to recover certain land, sold under execution, by the sheriff.   The plaintiffs became the purchasers, and a deed was executed by the sheriff, conveying the property to them.

The defendant refused to give up the possession, alleging that the property sold had been regularly laid off and allotted as his homestead.

It appeared that the property in question, was one undivided moiety in a mill and a tract of land; that the defendant's

homestead was allotted by metes and bounds, including a tract of land, the dwelling, and one-half interest in a mill. It also appeared that the premises in question were included in this allotment, but the plaintiffs contends that there was a re-allotment, in which they were not included. The facts necessary to an understanding of the case are set forth in the opinion of the Court.

There was a judgment for defendant, from which plaintiffs appealed.

*Dillard & Gilmer,* for appellants.
*Mendenhall & Staples, Scott & Caldwell,* and *Morehead, Jr.,* contra.

READE, J. The premises in dispute were regularly " valued and laid off" to the defendant as his homestead, and therefore it was not subject to sale, under execution. Admitting that to be true, still the plaintiff says that there was a *re-allotment* of the defendant's homestead under section 20 of the Homestead Act, and that the premises in dispute, were not embraced in the re-allotment.

And whether that is so, is the question. The re-allotment was by metes and bounds, of a tract of land of eighty acres, including the dwelling and buildings, and one-half interest in a mill.

The re-allotment was as follows : " We value the place on which he lives at $900, and the remainder of the homestead gives him an interest of one hundred dollars in his half of the mill." This is so vague and indefinite as to amount to nothing. Grant that by reference to the first allotment, " the place on which he lives" can be made sufficiently certain, as that is not the matter in dispute, yet what can be made of " an interest of $100 in his half of the mill," as an allotment of a homestead, to be exempt from execution ? Suppose the $100 to be a charge upon the real estate, (the mill,) how is it to be realized ? Only by a sale. And yet the homestead is to be exempted

from sale. It is not an allotment of one-tenth undivided share of the mill, or of one-tenth toll-dish, even if that would do, but an interest of $100. This is invalid. There is another objection to the re-allotment. The form prescribed in the statute for the return of the appraisers, begins as follows : " The undersigned having been duly summoned and sworn," &c. And section 20 provides that in a re-allotment the trustees shall shall take the oath prescribed for appraisers. In this case the return begin, " We, the undersigned, having been duly summoned to re-assess and allot," &c., saying nothing about being sworn. We think this a fatal defect. *Smith* v. *Hunt*, 68 N. C. Rep., 482.

There are other fatal defects in the re-allotment, which it is not necessary to notice. No error.

PER CURIAM. Judgment affirmed.