B B. CRAYCROFF & CO. vs. J. R. MOREHEAD and wife.

Where there is no express contract between husband and wife, the law of the matrimonial domicil controls, as to the rights of property there situate, and as to personal property every where. Therefore, where a bond was given by a man to a single woman, both parties being resident in the State of Pennsylvania, and a judgment was obtained in the Courts of this State, and the parties afterwards married in Pennsylvania; *it was held*, that the rights of the parties in reference to said judgment were governed by the laws of Pennsylvania, whereby, "All the estate or property, which may be owned by any single woman, continues to be hers after marriage."

Upon a motion to dissolve an injunction, where a fund has been taken into the custody of the law, the rule is, that as the Court has hold of it it will not let it go, if the plaintiff show probable cause from which it may be reasonably inferred that he will be able to make out his case on the final hearing. On the contrary, if it appear from the pleadings and affidavits that there is not probable cause, the injunction will be dissolved.

Motion to dissolve and vacate an injunction, heard before *Clarke, J.*, Spring Term, 1872, of CRAVEN Court.

Plaintiff alleged that on the 29th May, 1869, he recovered a judgment against the defendant, James R. Morehead, for $3,666.66. That execution was issued on the judgment against the property of defendant, who was a non-resident, and returned not satisfied. That prior to this judgment, but after the contracting of the debt due the plaintiff, the defendant, Jennie Morehead, who was then a single woman, obtained a large judgment, in April 1869, against the defendant James, and immediately issued execution thereon. Plaintiff alleges that said judgment was obtained by fraud and collusion, upon a pretended indebtedness, and for the purpose of covering up the property of the defendant, James Morehead. That warrants of attachment were issued against the property of said Morehead, and the sheriff levied them upon certain property

and choses in action of the defendant. That he has sold the tangible property, and paid over $6000, and has collected $1,200 of the choses in action, which he intends to pay to the defendant Jennie Morehead upon her judgment aforesaid.

Complaint alleges the marriage of the defendant, since the judgment was obtained, and also the insolvency of the defendant James Morehead. Prays judgment for an injunction and receiver. An injunction was granted by his *Honor*, C. R. Thomas.

Defendants answer, admitting the judgment, warrants of attachment, the marriage of the defendants since the judgment was obtained, and the insolvency of James R. Morehead.

They deny all fraud, and aver that the debt was real and not fictitious. That the consideration was the loan by the defendant Jennie, who was then a single woman, to the other defendant, of the sum of $8,000 in the bonds of the United States. The defendant James gave to her "judgment notes," upon which action was brought in Craven Superior Court and judgment rendered for the amount due. The defendant Jennie Morehead insists, that as the contract was made in the State of Pennsylvania and the parties resided there, it must be governed by the laws of that State, and that by laws of said State " all and every species of property which may be owned by or belong to any single woman shall continue to be the property of such woman after marriage, &c." Various depositions were taken and filed and the testimony was concluded. A motion was made by the defendants to vacate the injunction. This motion was heard before Clarke, J., and he rendered this judgment: " On reading the complaint, answer of the defendants and the affidavits filed, and after hearing the arguments of counsel for plaintiff and defendants, and it appearing to the satisfaction of the court, upon the whole evidence, that the defendants have been domiciled in the State of Pennsylvania, and that by the law of that State the property of a single woman continues to be hers after marriage, and it further appearing

that there has been no fraud or collusion, it is ordered that the injunction be dissolved," &c. Plaintiffs appealed.

*Haughton,* for plaintiffs.
*Lehman* and *Hubbard* and *Green,* for defendants.

PEARSON, C. J. The case is before us to review the decision of the Judge below, upon a motion to dissolve an injunction, which was heard upon the complaint, answer and depositions (used as affidavits) and the argument of counsel. We concur with his Honor, both in respect to his conclusions as to the facts and his conclusions upon the questions of law.

Upon a motion to dissolve an injunction when a fund has been taken into the custody of the law, the settled rule is, that as the court has hold of the fund, it will not let it go, if the plaintiff, shows probable cause, from which it may be reasonably inferred that he will be able to make out his case on the final hearing.

As to the question of law, it was conceded on the argument, that the law of the domicile applies to the case, and that according to the law of the domicile of these parties, the estate of the wife is secured to her, and the husband does not acquire it *jure mariti.* So that is disposed of. As to the allegation of fraud, stripped of extraneous matter, the case is this: A lady, who is engaged to be married, is applied to by her intended husband, a man extensively engaged in business, for the loan of $8,000. She has not the cash in hand, but holds a bond secured by mortgage, by the transfer of which the amount can be raised. She yields to his persuasions, and assurances that, with $8000, he will be able to meet the emergency and put all right. Accordingly, she consents to let him raise the money by a transfer of the bond and mortgage, in lieu of which he executes to her judgment notes for the amount, which is to be secured by the property which he had in Newbern, and this lien is made effectual before the plaintiff acquires a lien. Are

these judgment notes to be deemed void and her lien invalid on the ground of fraud? That she has a *true debt* is fully proved, and we concur with his Honor that the evidence does not convict her of fraud and complicity, with an intent to enable the debtor to defraud his creditors.

The depositions being all in, and the order of publication being then a matter of course, so that the cause might have been set down for final hearing, the defendant, if well advised, would have taken that course; but, under the disadvantage of hearing the matter on a motion to dissolve, the evidence does not make out probable cause, from which it may reasonably be inferred that the plaintiff will be able to make out his case, on the final hearing.

There is no error.

PER CURIAM.                                        Judgment affirmed.