F. E. WINSLOW v. ALFRED WOOD.

Mere inadequacy of consideration, without fraud or imposition, is no defence to a suit on a bond; nor is it an objection, even when equity is invoked to enforce specific performance; and much less is it an objection when it is invoked to relieve against a contract.

Where A sold a mule to B, which had a latent disease, of which it died within a week after sale without rendering any service of value: *Held*, in a suit against B, on the bond given for the mule, that the failure of consideration was no defence, and that A was entitled to recover.

Civil action, commenced in a Justice's Court, and by appeal carried to the Superior Court of Chowan, where it was tried before *Albertson, J.,,* at Fall Term, 1873.

In 1872, one Rogerson, an agent of the plaintiff, sold to the defendant a mule, and in payment for the price took defendant's note under seal for $173, payable in November, 1872.

Defendant showed that the mule was a young one, apparently in fine condition when received; that it was sent to his farm five miles from town, and the day after was put to some light work; that the mule seemed dull and indisposed to work, and after two or three hours was taken out. On the next day it was driven a few miles, with another one, and on another occasion, two days afterwards, the mule was driven with others in a wagon to town, and hauled back a load of guano. This was the only work performed by the animal, as he showed symptoms of sickness on each occasion of his being worked, and died in a week from the time he was purchased. The services rendered by the mule did not pay for his feed and attendance.

It was also in evidence, that at the time of the purchase, or immediately thereafter, a small knot was discovered under his throat; that in a few days his breast was much swollen, and the flesh in a doughy condition, readily yielding to compression and retaining the impression received; that there was a

discharge from the nose, and that his hind leg became swollen and burst open, followed by suppuration ; his respiration was difficult, though the appetite good to the time of his death.

An expert was examined, who testified that the symptoms testified to indicated glanders or farcy, and the breaking down of the tissues, shown by the condition of the flesh as proved, was an invariable symptom of one or the other disease. That· a young animal might have either disease, be apparently well and in fine condition, and have a morbid appetite, which would continue until his death.

For the plaintiff, it was shown that a number of mules from the same drove had been sold, and none had died from either disease ; and that at the time of the sale of this one to the defendant, he was apparently well and in fine condition.

There was no evidence of warranty.

Defendant insisted that the plaintiff could not recover on account of the entire failure of consideration ; to which his Honor replied, in the presence of the jury, "I don't think there has been any failure of consideration."

His Honor charged the jury, that if there was no warranty by the plaintiff, nor any knowledge on his part at the time of sale, of unsoundness in the animal, he was entitled to recover the full amount of the note; that the doctrine of recoupment or counter-claim could not apply to this case.

Verdict in favor of plaintiff for $175 and interest. Judgment, and appeal by defendant.

*A. M. Moore*, for appellant, filed the following brief:

I. Under the liberal system inaugurated by the change in pleading, and the blending of law and equity, in the same action, under the Code, the strict rules heretofore adopted by our Courts must give way to the more flexible practice even before this time introduced in other Courts. The right of the defendant to offer in defence, when sued on contract, a *total failure of consideration* in certain cases was well established

in *McEntyre* v. *McEntyre*, 12 Ired. 299, and *Hobbs* v. *Riddick*, 5 Jones 80.

These cases follow the principle enunciated in *Farnsworth* v. *Garrard*, 1 Camp. 38; *Morgan* v. *Richardson*, *Ibid*, 40, and *Tye* v. *Gwyne*, 2 Camp. 346.

But the English Courts go even further in subsequent decisions, and if not directly, by inference, establish the principle claimed for defendant in this cause. *Mondel* v. *Steel*, 8 Mees & Welsh, 858, and other cases.

Waterman on Recoupment, &c., sec. 431, says, " As Courts, rather than drive the party to a separate action, *favor* recoupment, it will in general be allowed," &c., and in the very full work which that author has published on the subject are given numerous decisions of other Courts sustaining the principle contended for in this case. See *Dorr* v. *Fisher*, 1 Cush. 271, *Wheat* v. *Dobson*, 7 Eng. and R. 699, and other cases to which reference is made.

II. Sec. 102, C. C. P., says, " The defendant may set forth by answer as many *defences* and counter-claims as he may have," &c. This statute is almost identical with the one in Tennessee 1856, ch. 71, and the decision in *Ford* v. *Thompson*, 1 Head. Tenn. 265, is applicable to our case. In that case it is true there was a warranty, but the defence was not made on that, but a *total* failure of consideration. In *Parish* v. *Stone*, 14 Peck. 198, " It seems that want of consideration, either *total* or partial, may always be shown by way of defence, and that it will bar the action or reduce the damages from the amount expressed in the bill, as it is *found* to be total or partial respectively."

III. It has been held that there cannot be a total failure of consideration of a thing *in esse*.

In *Morgan* v. *Richardson*, 1 Camp 40, note—the action was on a bill of exchange for the price of some hams, and the defence offered was that the hams were without value, Lord ELLENBOROUGH held that a total failure of consideration would be a good defence as between the original parties. This action

is between the original parties, but if it were not, the distinc-tion as to original and third parties who received the note after it became due, would not prevail in this State, under *Mosteller* v. *Bost*, 7 Ired. Eq. 39.

Waterman on Recoupment, &c., pages 507 and 508, notes, citing cases, repudiates the theory that there cannot be a failure of consideration of a thing *" in esse."* If that theory is correct, then it is difficult to suppose a case in which entire failure of consideration may be plead.

In *Morgan* v. *Richardson*, bacon hams were sold, and as article of food they are 'valuable; that was the consideration, and when as article of food they were worthless, there was an entire failure of consideration.

Apply the reasoning to a counterfeit note, it was "a thing *in esse*," the component parts, viz: papers, engravings, &c., existed, but as a *circulating medium* it had no value, and therefore the consideration entirely failed.

So in our case, the mule was supposed to be valuable be-cause of capacity to perform service, and that was the particu-lar and only purpose for which he was purchased. It died, but still it was a thing *in esse*. But when the capacity to perform service did *not at the time* of purchase, or immediately afterwards *exist*, then there manifestly was an " entire failure of consideration," and plaintiff ought not to recover.

IV. It is submitted that his Honor erred in making the re- mark in the presence of the jury. They ought to have passed on the fact whether or not there was a total failure in the animal.

For this, as well as for the ruling of his Honor as set forth in the case, the defendant is entitled to a *venire de novo*.

No counsel in this Court, for plaintiff.

READE, J. The plaintiff sold to the defendants a mule and took their bonds for the price. The mule had a latent disease of which it died in a few days without having rendered any

service of value. There was no *warranty* and no *scienter* on the part of the plaintiff. The action is upon the bond.

The question is whether there is such a failure of consideration as to render the contract void and prevent a recovery on the bond ?

At law a bond is good without a consideration. It is bad, not when there is *no* consideration, but only when there is an *illegal* consideration. At law, therefore, the defendant would have no defence. But we now administer law and equity both in the same action ; so that we have to consider whether there is any defence in equity.

The rule is not, that equity will *relieve against* or declare void a contract because there is no consideration ; but the rule is that it will not *enforce the performance* of a contract without a consideration. And even then it does not require an *adequate* or full, but only a *valuable* consideration unless the value is so inadequate as to prove fraud or imposition. Adams Eq. 79.

In our case fraud and imposition are negatived.

The class of cases where equity relieves against a contract for want of a consideration is where the parties supposed there was a consideration and it turns out that they were *mistaken,* and that the supposed consideration was non-existent. The case put by Mr. Adams is, " where the subject of sale is a remainder after an estate tail ; and the estate tail without the knowledge of either party had been previously barred." Adams Eq. 188. And so in our case, if the mule had been dead at the time of sale without the knowledge of either party. But such was not the fact. There was no mistake about it. The mule was present, and was just what it appeared to be, a mule. And although it was not intrinsically as valuable as it was supposed to be, yet it was of some value, a market value to the full amount of the bond. And we have seen that mere inadequacy of consideration without fraud or imposition will be no objection even where equity is invoked to enforce specific performance, much less where it is invoked

to relieve against a contract. So, counterfeit money as a payment, or as a consideration, will be treated as a nullity ; but the bills of an insolvent bank used without *fraud* as a payment or as a consideration, will be treated as a valuable although an inadequate consideration. So a bag of sand sold in fraud or by mistake for a bag of guano would be a *total failure* of consideration, and the contract would be null ; but a bag of *inferior* guano would only be a *partial failure* of consideration, and would support the contract so as to enable the vendor to recover. And whether the vendee would have a counter-claim against the vendor, would depend upon circumstances; as, whether there was warranty or deceit. C. C. P. sec. 101.

There is no error. Judgment affirmed and entered here for plaintiff.

PER CURIAM. Judgment affirmed.