*JOHN B. MORRIS v. WM. H. WILLARD and another.

*Injunction—Trust Fund—Conflicting Testimony.*

An injunction will be continued until the hearing to retain control of a trust fund in dispute, where the plaintiff in the action seeks to have a judgment reformed and the validity of an assignment determined, alleging that the same was procured by fraud which is denied in the answer, and where the testimony bearing upon the question is conflicting.

(*Winslow* v. *Wood,* 70 N. C., 430 ; *Lee* v. *Pearce,* 68 N. C., 76 ; *Harris* v. *Carstarphen,* 69 N. C., 416 ; *Craycroft* v. *Morehead,* 67 N. C., 422 ; *Ponton* v. *McAdoo,* 71 N. C., 101 ; *McCorkle* v. *Brem,* 76 N. C., 407 ; *Peebles* v. *Com'rs,* 82 N. C., 385, cited and approved.)

MOTION for injunction heard at Chambers in Greensboro in an action pending in ORANGE Superior Court, on the 22d of December, 1879, before *Gilmer, J.*

The motion was allowed and defendants appealed.

*Messrs. John Manning* and *J. M. Moring,* for plaintiff.
*Messrs. Merrimon & Fuller,* for defendants.

SMITH, C. J.   The defendant William H. Willard, who had purchased several tracts of land belonging to R. F. Morris at a sale under execution, in consideration of the release of her claim of dower therein, on April 9th, 1872, entered into a covenant with Caroline, his wife, on being discharged from liability incurred for either, to reconvey the lands to her in fee, except the "Guest lot" which was to be transferred to the R. F. Morris & Son Manufacturing Company and the proceeds of sale applied in payment of stock taken by her in the company.   Robert F. Morris died on Septem-

*Ruffin, J., having been of counsel did not sit on the hearing of this case.

ber 3d, 1872, and the said Caroline in October, 1875, both intestate, leaving six children and among them John B. Morris (the plaintiff) without having had any settlement with the said Willard of the trust fund held by him. On January 14th, 1876, he assigned for the sum of $550 to the defendant S. F. Tomlinson all his right and claim, as one of the heirs and distributees of the estate under the said covenant and his share and interest in the property therein mentioned, alleged by the assignor to be worth about $40,000. On March 27th, 1879, suit was brought in the name of C. B. Green, administrator of said Caroline, and her children and heirs at law and the husbands of each of the daughters as were married, against the said Willard, Tomlinson and the said manufacturing company, for an account and settlement of the trust, the plaintiffs stating in their complaint that the trustee had been fully released from his surety obligations, and that the share of John B. Morris had been assigned to the said Tomlinson, who with the others entitled claimed their respective shares in the property. The defendants, Willard and Tomlinson, answered, admitting the general averments of the complainant, and at spring term following, judgment was rendered declaring the exoneration of the trustee and his liability, and directing, after payment to the administrator whatever sum, if any, was required in completing the administration, the residue of the funds in his hands to be delivered, and the undisposed of lands to be conveyed to the plaintiffs and the defendant assignee of the share and estate of said John B. Morris, pursuant to the terms of the said covenant.

The said John B. Morris now makes application, verified November 6th, 1879, on oath, for a reformation of so much of the judgment as substitutes the defendant Tomlinson to his rights and interests and recognizes the efficacy of the assignment; and he alleges that the assignment was pro-

cured by the fraud of the trustee and the concealment of the true condition of the fund, through the agency of Tomlinson acting surety for him ; that the suit was brought without his knowledge or consent, nor did he know until long after the judgment that the said Tomlinson was a party to the proceedings, and he asks that the money now in, and about to be paid into, the clerk's office, claimed by him, be retained and he restrained from receiving or disposing of it, until the validity of the assignment shall be determined.

The defendants, Willard and Tomlinson, explicitly deny every imputation of fraud, imposition or concealment, giving a minute and detailed explanation of the transactions resulting in the sale and assignment, and attributing the great advancement in value of the property since to the growth and prosperity of Durham, but not up to the estimate put upon it by said Morris. These statements accepted as truthful, repel every allegation of fraud and unfairness and show that the sale was the voluntary and deliberate choice and act of Morris himself without influence from either of them. A court of equity never interferes with an owner's disposition of his property when not procured by fraud or false representations or other improper artifice, however insufficient the consideration may be, if it be his voluntary act. Inadequacy of price is only regarded as evidence of imposition and undue advantage taken, and often raises a presumption almost insurmountable, with other circumstances of the fraud. *Winslow* v. *Wood*, 70 N. C., 430. Every person has the legal right to give or sell at any price his property and he cannot be relieved from the consequences of his own imprudence and want of judgment.

But the testimony is essentially conflicting and the complaint presents the case of a trustee dealing with a *cestui que trust*, through an intermediate agency, and for an insig-

nificant price obtaining a transfer of part of the trust estate, and if this be correct, relief would without hesitation be afforded. *Lee* v. *Pearce*, 68 N. C., 76; *Harris* v. *Carstarphen*, 69 N. C., 416, and other cases. In case of such repugnancy in the testimony and when the fund is in possession of the court and there is a reasonable probability that a party is entitled to relief, the settled practice is to retain control over it until the rightful owner is ascertained. Nor will the court upon an interlocutory application pass upon the merits of the controversy, but leave them to be determined upon the final hearing. *Craycroff* v. *Morehead*, 67 N. C., 422; *Ponton* v. *McAdoo*, 71 N. C., 101; *McCorkle* v. *Brem*, 76 N. C., 407; *Peebles* v. *Commissioners of Davie*, 82 N. C., 385.

The allegation that the action was instituted without the knowledge or authority of said Morris, and his ignorance of the fact that the assignee was a party, meets with no response from either defendant in their respective answers, and if so, the judgment ought not to be conclusive against his right to have it reopened as far as it affects himself. The defendant, Tomlinson, in his answer seems to have been under the impression that the said Morris was not a party and explains the supposed absence of his name upon the ground that his entire interest had been transferred; and he refers to and adopts as his own the answer of his co-defendant, Willard, which relies upon that fact as an estoppel resting upon him.

Upon the consideration of the controversy at this preliminary stage, we concur in the ruling of the court in retaining the fund and issuing the restraining order, and affirm the judgment. Let this be certified.

No error.                         Affirmed.