MARY E. TILLERY and others v. A. WRENN and others.

*Injunction—Mortgagor and Mortgagee.*

An injunction was properly granted until the hearing to restrain the sale of land (under terms embraced in a contract of purchase) to secure payment, not of the original debt, but of a disputed portion of it, alleged to have been incurred by reason of the necessitous circumstances of the vendee (or mortgagor). Review of cases where equity will relieve against a contract, by SMITH, C. J.

(*Potter* v. *Everitt*, 7 Ired. Eq., 152 ; *Futrill* v. *Futrill*, 5 Jones Eq., 61; *Hartly* v. *Estis*, Phil. Eq., 167 ; *Morris* v. *Willard*, 84 N. C., 293, cited and approved.)

APPEAL from an order continuing an injunction made at Fall Term, 1880, of HALIFAX Superior court, by *Graves, J.*

The material facts set out in the complaint as the grounds of the relief demanded, are these:

The plaintiffs, on March 15th, 1875, entered into a contract with the defendant, Wrenn, for the purchase of the tracts of land described in the complaint, for the sum of $2,266.64 whereof one-fourth was to be paid in cash, and the residue secured in three several bonds, each for an equal part thereof, bearing interest from that date, and maturing successively on the first day of January in the years next

ensuing. The vendor, thereupon, executed to the plaintiffs his obligation to make title on the payment of the purchase money and interest at the rate of eight per cent. accruing thereon, and reserving the right to sell the lands upon default.

Divers payments were made in reduction of the debt, and when the last bond became due, the unpaid residue was $1,264.30, as shown in a statement of the account rendered by the said Wrenn. Being unable from bad crops, low market prices, and the loss occasioned by the failure of a consignee to raise the sum of $400, demanded as a condition of further indulgence by the creditor, Wrenn, or instead of the money, the assumption of a large insolvent debt due to him from the firm of H. L. Tillery & Bro., the members of which soon after were adjudged bankrupts, and for which the plaintiffs were in no manner responsible, and compelled by the pressure of their necessities, they accepted the alternative proposition. Accordingly the lands embraced in the contract for title were conveyed by the vendor to the plaintiffs; the latter executed their three several notes of $707.45, each bearing eight per cent. interest from date, and payable on January 1st of the next and two succeeding years, respectively, in an aggregate sum nearly double the amount then owing by them, and the plaintiffs reconveyed the said lands to the defendant Dunn, in trust to secure the notes, with a power vested in him to make sale in default of payment. Some payments have been since made, and the notes being due, the trustee, by direction of the secured creditor, has advertised and would proceed to sell unless prevented by the interference of the court.

The plaintiffs using the complaint, sworn to by both, as an affidavit in support of their application, moved for an injunction, forbidding the sale, before the judge, who designated a future day for the hearing of the motion before *Graves, J.,* upon notice to the defendants, and meanwhile

directed a restraining order to issue. The matter coming on to be heard before him, the defendants introduced their separate answers to the complaint, admitting the material allegations of fact in reference to the antecedent transactions between the parties, denying, however, every imputation of fraud, oppression or unfairness on the part of either defendant, practiced, threatened or intended, and declaring that the assumption of the debt of their brothers by the plaintiffs was their own unsolicited and free act, in order to obtain an extension of time and avoid the sale and foreclosure authorized in the contract for title. There were other affidavits produced by the plaintiffs in corroboration, which it is unnecessary to notice in detail. His Honor upon the evidence adjudged and ordered "that so much of the restraining order theretofore granted, as restrained the defendants from selling for the H. L. Tillery & Bro. debts, as set out in the complaint, or any part thereof, be continued to the hearing," and that, as to what remained, constituting the original indebtedness, and reduced by payments made thereon by or for the plaintiffs, the restraining order be dissolved, and the trustee, Dunn, left at liberty to proceed and sell for its satisfaction. From that part of the judgment which continues in force the restraining order, the defendants appeal.

*Messrs. Walter Clark* and *Mullen & Moore*, for plaintiffs.
*Messrs. Gilliam & Gatling* and *Kitchen & Dunn*, for defendants.

SMITH, C. J., after stating the case. The gravamen of the complaint, and the ground upon which the interposition of the court is asked, are the imposition of this large additional burden of indebtedness, for the sole consideration of delay and submitted to from the necessitous circumstances of the plaintiffs, by one who occupied towards them, at the time,

a relation very similar to that subsisting between mortgagee and mortgagor, of which position the creditor took an unreasonable advantage and should not be allowed to avail himself.

A court of equity will not relieve against a contract voluntarily entered into, and not superinduced by misrepresentation or oppression, though its terms may be very onerous, where the parties deal on equal terms, and there are no confidential relations from which an undue influence may be inferred. Those who make bargains must ordinarily abide by them, for the court will not interfere with the enforcement of contracts, because of their consequences, unless the inequality of the contracting parties is such as to give one of them the opportunity of dictating to the other his own terms, and the contract itself is so unreasonable as to indicate that the power was exercised in bringing about its execution, involving duress. *Potter* v. *Everitt,* 7 Ired. Eq., 152.

In *Futrill* v. *Futrill,* 5 Jones Eq., 61, the court declare it to be " a great principle of public policy, that without any proof of actual fraud, such conveyances obtained by one whose position gave him power and influence over the other, should not stand at all if entirely voluntary, or should stand only as a security for what was actually paid or advanced upon them, where there was a partial consideration." This is repeated and re-affirmed in *Hartly* v. *Estis,* Phil. Eq., 167, and *McLeod* v. *Bullard, ante,* 210.

We do not mean to say that the plaintiffs are entitled to be exonerated from that portion of the debt embraced in the injunction order, nor to pass upon the merits of the controversy at this preliminary stage of the suit; but to annul the order would be virtually to decide the cause, since the relief sought of a perpetual injunction would become impossible if the land has been already sold, and would be confined to a return of the proceeds wrongfully applied. The plaintiffs under the interlocutory order, must

pay their original debt to avoid a sale, and if this is done the property becomes a much greater security for the part in dispute. The defendant, Wrenn, is not damaged, nor his interests affected, except by the delay, as to this portion of his claim, if adjudged to be entitled to it, and for this the large interest it bears affords ample compensation. As was remarked in a late case: " Nor will the court upon an interlocutory application pass upon the merits of the controversy, but leave them to be determined upon the final hearing." *Morris* v. *Willard,* 84 N. C., 293, and cases cited in the opinion.

While the postponement of the sale for the disputed portion of the debt cannot injuriously affect the creditor, the enforcement of it under the deed in trust may inflict irreparable damage upon the plaintiffs, should they ultimately prevail in the suit.

Under these circumstances, we think the modified injunction was entirely proper, and the judgment appealed from must be affirmed.

Let this be certified.

No error.                                      Affirmed.