L. LEVENSON & CO. v. HENRY ELSON and another.

*Injunction and Receiver— Trial.*

1. The appointment of receivers is regulated by section 215 of the Code: where the applicant establishes an apparent right to property in dispute, which is in possession of the adverse party, and the same is in danger of being lost or materially injured, a receiver may be appointed before judgment. The solvency of the trustee here warranted the court below in refusing the motion.

2. Allowing or refusing additional affidavits after argument begun, in such case, is matter of discretion in the presiding judge, and not reviewable.

(*Smith* v. *Smith*, 8 Ired., 29; *Long* v. *Logan*, 86 N. C., 535; *Long* v. *Gooch, Ib.*, 709; *Wiggins* v. *McKoy*, 87 N. C., 499; *Morris* v. *Willard*, 84 N. C., 293, and cases cited; *Thompson* v. *McNair*, Phil. Eq., 121; *Twitty* · v. *Logan*, 80 N. C., 69; *Horton* v. *White*, 84 N. C., 297; *Irwin* v. *Davidson*, 3 Ired. Eq., 311; *Lyerly* v. *Wheeler,* Busb. Eq., 267; *Dunkart* v. *Rinehart*, 87 N. C., 224, cited and approved).

MOTION for injunction and receiver, in an action pending in CUMBERLAND Superior Court, heard at Chambers on the 7th of February, 1883, before *MacRae, J.*

The plaintiffs appealed.

*Messrs. T. H. Sutton* and *R. S. Huske,* for plaintiffs.
*Messrs. N. W. Ray* and *Hinsdale & Devereux,* for defendants.

SMITH, C. J.   The defendant, Henry Elson, on December 12th, 1882, made an assignment of his stock of goods, wares, merchandise, evidences of debt and other effects, used in the business carried on by him, to his co-defendant, Robert M. Nimocks, in trust to secure certain enumerated and preferred debts, some of them due the trustee himself, and others on which he was surety, and again some due his wife and a relative, and in trust as to any residue after their satisfaction for other creditors.

The plaintiffs and others associated with them since the commencement of the suit, on behalf of themselves and other unsecured creditors who may become parties, impeach the assignment for fraud, alleging that it was executed to cover up the property of the debtor for his use, and some of the debts are fictitious, and they ask that the conveyance be declared covinous and void, and the property taken and appropriated to the payment of all the debts of the assignor.

To this end, after the grant of a temporary restraining order, an application was made to the judge of the district at Chambers, on February 7th, 1883, for the appointment of a receiver to take charge of, manage and dispose of the property, and for an injunction against the trustee to prevent his interference therewith until the final hearing of the cause upon its merits.

Upon this trial the complaint and answer, as well as numerous affidavits taken by the respective parties, were read in support of and in opposition to the plaintiffs' motion, whereupon it was refused and the restraining order previously issued vacated, and from this judgment the plaintiffs appeal.

The evidence fully shows the solvency of the trustee, and his ability, out of his own estate, to answer any demands which may be established against him for the management and disposition of the trust estate, and that the agent to whose hands it has been

committed is competent to conduct the business and entirely trust-worthy.

Several exceptions were taken during the progress of the inquiry by the appellants and overruled, to-wit: to the liberty given the defendants to file additional affidavits after the argument had begun; to the denial to the plaintiffs of their application to furnish additional corroborative evidence; and to the refusal to allow further time to the plaintiffs to procure it; of which we have only to say that the action and rulings of the court are within the scope of the discretion confided to him in the conduct of the proceeding, which the appellate court cannot undertake to supervise. *Smith* v. *Smith*, 8 Ired., 29; *Long* v. *Logan*, 86 N. C., 535; *Long* v. *Gooch, Ibid*, 707; *Wiggins* v. *McCoy*, 87 N. C., 499. Nor, if we had the right to revise the rulings of the judge, do the facts contained in the record furnish sufficient reasons for our doing so.

The main and essential question argued before us, relates to the refusal of the court to put the assigned effects in the hands of the receiver, for the purpose of securing them, to abide the results of the suit. The defendants' counsel asserted the *bona fides* of the deed and the integrity of the transaction of which it is the offspring, denying that the alleged fraud sufficiently appeared from the circumstances in evidence to warrant and require the interposition of the court for the safety of the trust fund. We are not called upon to pass on the validity of the assignment in this collateral inquiry and upon mere *ex-parte* affidavits: we interpose only when it is manifest that the fund is mismanaged and in danger of being lost, or when the insolvency of an unfit trustee is present or imminent.

When a disputed fund is in possession and under the control of the court, and the right of a claimant is doubtful, it will be retained until the determination of the controversy, and it can be ascertained to whom it belongs. *Morris* v. *Willard*, 84 N. C., 293, and cases there cited; *Ponton* v. *McAdo*, 71 N. C., 101.

The rule is quite as well settled that, unless in case of threat-

ened irreparable damage or loss of the fund, it will be suffered to remain in the hands of the party who in law is entitled to its custody and care. *Thompson* v. *McNair*, Phil. Eq., 121.

There is no sufficient ground suggested for our depriving the trustee selected by the assignor, and of whom no complaint comes from the secured creditors, of the possession of the property, and thus disabling him to carry out the declared trusts of the deed, even if it was rendered probable that the conveyance would be hereafter adjudged to be fraudulent, since a responsible trustee is accessible to the claims of the successful litigant, whichever party may ultimately prevail in the contest.

"'The matter of the appointment of a receiver to take charge of the property in litigation pending the suit," in the language used in *Twitty* v. *Logan*, 80 N. C., 69, "is regulated by statute. A receiver may be appointed before judgment on the application of either party, when he establishes *an apparent right to property* which is the subject of the action, and which is in possession of an adverse party, and *the property or its rents and profits are in danger of being lost or materially injured or impaired."* *Horton* v. *White*, 84 N. C., 295.

The rule in respect to trespass is to enjoin only when the damage may be irreparable, and no other adequate redress can otherwise be had. *Irwin* v. *Davidson*, 3 Ired. Eq., 311; *Lyerly* v. *Wheeler*, Busb. Eq., 267; *Dunkart* v. *Rinehart*, 87 N. C., 224.

There is no error. This will be certified.

No error. Affirmed.