The plaintiffs, to-wit: Ellett, Drewry Co., Watkins, Cottrell Co., Slater, Myers Co., A. Oppenheimer, George Gibson, Jr., and W. M. Parrish, allege that during the year 1883, they each sold and delivered to the firm of P. Newman Co., at Enfield in Halifax county, divers goods, wares and merchandise, for none of which has payment been made; that about the year 1878, the defendant Charles Newman was engaged in a general merchandise business at the town of Whitakers, in Edgecombe county, North Carolina, and Littleton, in Halifax county, and about the 27th day of December, 1878, became much embarrassed, failed in business, and was sold out under execution in favor of divers of his clerks, of whom the defendant, Albert Jacobson, was one; that about the — day of February, 1882, Charles Newman opened a general retail store in the town of Enfield, Halifax county, and continued to conduct it until about the 29th day of December, 1883, under the name of P. Newman Company; that the defendant Pauline Newman is the wife *Page 520 
of Charles Newman, and the said Charles pretended to be acting for his wife in the business, but that this was merely a device to keep off the old creditors of Charles Newman, and that the business, in truth and in fact, belonged to Charles; that, on the — day of December, 1883, the defendant Pauline, wife of said Charles Newman, and Jacob Kirschbam, pretending to constitute the firm of P. Newman Co., executed and delivered unto the defendant Branch a pretended deed of assignment, whereby they professed to convey unto the defendant Branch a large number of mostly worthless accounts, some of them contracted with Chas. Newman when he did business at Whitakers and Littleton, and all the stock of goods, wares and merchandise in the store occupied by P. Newman Co., in Enfield, and some other small articles, in trust, after allotting to Pauline Newman and Jacob Kirschbam their personal property exemptions as allowed by the laws of North Carolina, to sell the same at such times and on such notice, and in such manner, publicly or privately, as the said Branch might deem best for the interest of the creditors named in said trust, and out of the proceeds to pay off certain preferred creditors therein mentioned, and the balance, if there was any, was to be applied pro rata to the demands of the other creditors; that the defendant Jacob Kirschbam was not a partner in the firm, and had no interest therein, and that he was set up as a partner in said assignment merely to enable Chas. Newman to claim an exemption of $1,000; that the defendant Branch, who was one of the attorneys of P. Newman Co., and who prepared the assignment, left the defendant Albert Jacobson, who had been staying about the store with Charles Newman, in charge of the goods after the assignment; and after the allotment, the goods assigned as exempt were all put on one side of the store, and the residue on the other, and shortly thereafter the assignee sold, or pretended to sell, the assigned goods to Jacobson for $800, at private sale; the said Jacobson now pretends to be merchandising at the said store, and in the same are the goods allotted to Pauline and Jacob, as well as the goods he pretends to have bought of *Page 521 
the said E. T. Branch; that Charles Newman was still attending to store; that the pretended purchase was a mere trick and device to elude the creditors of P. Newman Co., and that the said Jacobson was only a clerk in the employ of Newman; that the assignment was made with the intent to hinder, delay and defraud the creditors of P. Newman Co., whereof the said Branch and Jacobson had notice; that the purchase by Jacobson was made with the money of P. Newman Co., and that the whole scheme was carefully concocted from the beginning; that for a considerable length of time prior to the assignment, P. Newman Co. were selling goods so low in the said town of Enfield as to be a subject of common remark, and to seriously interfere with the business of other merchants in said town; that all the defendants, except Branch, are insolvent, and that it is in the power of the defendants to defeat the rights of plaintiffs by disposing of the goods, c., before judgment could be recovered on their respective claims; and they prayed the court to appoint a receiver and grant an injunction, c.
The complaint was duly verified.
The defendants, E. T. Branch, Charles Newman, Pauline Newman, Albert Jacobson and Jacob Kirschbam, filed separate answers.
Branch, after admitting the allegations in the complaint as to the date of the execution of the assignment, the allotment of personal property exemptions, and the sale to Jacobson, alleged further that he had no notice of any fraud concocted by the defendants P. Newman Co., to defeat, delay and defraud their creditors, but in fact and in truth believed that said assignment was bona fide made, and that he acted in good faith in the execution of said trust, and insisted that said assignment was not void as to him, and that if any fraud was committed he had no notice thereof; that the moneys arising from said sale to Jacobson had been paid out and disbursed by the trustee, in the manner and in the order directed by the provisions of the trust; and his account with said trust-fund was ready and prepared to be exhibited and *Page 522 
filed when required; and that the sale to Jacobson was in good faith and for the best interests of the creditors, and was made after consulting with them, or some of them.
Charles Newman and his wife Pauline, and Kirschbam and Jacobson, make substantially the same answer, in which they allege that Charles Newman had no interest whatever in the firm of Newman Co., that it was truly composed of Kirschbam and Pauline Newman, who had been declared a free trader on the 29th of January, 1879; that the assignment to Branch was in good faith, as also the sale by the latter to Jacobson; and they positively denied all charges of fraud or knowledge of fraudulent purpose in the transactions referred to in the pleadings.
The answers were duly verified.
Upon the hearing both parties supported their allegations by affidavits of other persons, exhibits, records, c., upon consideration whereof the court made the following adjudication:
"The Court being of the opinion that all the defendants, except E. T. Branch, are insolvent, and that there are probable grounds to believe that Jacob Kirschbam was not a partner in the firm of P. Newman Co., and that the alleged purchase from the assignee by Albert Jacobson, was made with the money of said P. Newman Co., and the goods purchased of the assignee, the exemptions allotted to Pauline Newman, and that allotted to Jacob Kirschbam being so intermingled that they can only be separated by the inventories,
"It is adjudged and ordered that the injunction heretofore granted, restraining the defendants from selling, disposing of, or in any manner interfering with, any of the goods, wares and merchandise owned by P. Newman Co. prior to the assignment to the said E. T. Branch, and described in the complaint, except the exemptions allotted to Pauline Newman, be continued to the hearing.
"It is further ordered and adjudged, that Geo. B. Curtis, of Enfield, be and he is hereby appointed receiver to take charge of and sell all said goods, except the exemptions allotted to Pauline *Page 523 
Newman, and hold the proceeds till the determination of this action."
The defendants appealed from this judgment.
We see no reason prompting us to disturb the findings of fact by the Judge at Chambers. They are substantially correct and fully warranted by the evidence.
It appears sufficiently for the decision of the matter before us, that the plaintiffs have a cause of action, that they sue in good faith, their purpose is not merely vexatious, and that there is reasonable ground to apprehend that the goods involved in the action may be disposed of fraudulently before it shall be tried upon its merits, and in such way as to render any judgment that may be obtained against the defendants, or any of them, ineffectual.
It is well settled that when there is reasonable ground to apprehend that pending the litigation, property, the subject of it, will be disposed of fraudulently, or in such way as to deprive the complaining party of the fruit of his recovery when had, a court of equity will secure the property, or in a proper case, have it sold and secure the fund arising from it by the appointment of a receiver, or by injunction, and when need be, by both, until the action shall be tried upon its merits. The authority of the court to preserve property, the subject of litigation, pending the action, until final judgment, and then to apply it, as justice may require, is too manifest to admit of question, and such authority should be exercised when it appears that there is reasonable ground to believe that the plaintiff may recover, and the interference of the court is necessary to protect the property in question pending the controversy. Parker v. Grammer, Phil. Eq., 28; Craycroff v. Morehead, 67 N.C. 422; Morris v. Willard, 84 N.C. 293;Levenson v. Elson, 88 N.C. 182. *Page 524 
We concur fully with the Court in his findings of fact and the application of the law. There is no error. Let this opinion be certified according to law.
No error. Affirmed.