SOLOMON PREISS et al. v. E. COHEN et al.

*Assignment for Benefit of Creditors—Qualifications of
Assignee—Injunction—Bond.*

1. Where there is a serious controversy as to the *bona fides* of an assign-
ment and of the debts preferred, as well as of the fitness of the
assignee, an injunction should be granted to prevent the selling of
the property pending litigation.

2. It is the province and duty of the Court to pass on the qualifications
of an assignee in an assignment for benefit of creditors.

3. Where an undertaking had been given before the issue of a restrain-
ing order, it was not necessary for the Court, on the return of the
order to show cause and upon continuing the injunction to the
trial, to require a new undertaking from the plaintiffs unless it
was shown that the bond already given was insufficient.

ACTION by Solomon Preiss and other creditors of E. Cohen
against E. Cohen, H. Dannenberg, trustee, and others, to set
aside as fraudulent a deed of assignment made by Cohen.

An order to show cause why a receiver should not be
appointed and an injunction issued against the defendants
was issued by Shuford, the Judge presiding in the Second
Judicial District, on the 3d day of December, 1892, and
made returnable before him at Newbern, on the 8th day
of December, and a restraining order until the hearing
of the motion. On the 10th day of December an order
was made by Shuford, Judge, transferring said motion
for hearing before Bryan, the resident Judge of said Dis-
trict, at Newbern, on the 12th day of December, at which
time and place the motion was heard by Bryan, Judge,
attorneys of all parties being present and participating
in the argument, and no objection to the hearing being
made, upon the pleadings, affidavits and exhibits.

The Court found the facts as follows:

"1. That there is evidence tending strongly to show a conveyance of the property with intent to hinder, delay and defraud the plaintiffs.

"2. That the assignee under the assignment is an unfit person to have charge of the property and is admitted to be insolvent."

An order was made appointing a receiver (who was required to give bond in the sum of $8,000) and continuing the injunction until the hearing of the action. From these orders the defendants appealed, assigning several grounds for exceptions thereto, two of which were abandoned. Those relied upon in this Court were as follows:

"3. That the Court found as a fact that the defendant Dannenberg, the assignee, was an unfit person to discharge the trust, contrary to the evidence.

"4. That it was error to appoint a receiver to take charge of the property in the possession of the defendant Dannenberg, assignee.

"5. That it was error to grant an injunction against the defendant Dannenberg.

"6. That it was error to grant an injunction against the defendant Dannenberg without requiring the plaintiff to file any bond or fixing the amount thereof."

*Messrs. W. D. McIver* and *C. R. Thomas*, for plaintiffs.
*Mr. W. W. Clark*, for defendants.

MACRAE, J.: The plaintiffs, creditors of defendant E. Cohen, seek in this action to set aside as fraudulent a deed of trust or assignment made by said Cohen to defendant Dannenberg of a stock of goods to be sold by him and the proceeds applied to the payment of certain alleged indebtedness of the assignor.

The complaint and other affidavits charge that the defendant Dannenberg is insolvent, that he is on intimate relations with the defendant and is not a suitable person to administer the trusts mentioned in said deed; that he has set apart to defendant E. Cohen,.as his personal property exemption, a quantity of said goods largely in excess of the value of five hundred dollars; that he has removed and secreted a large amount of said goods, which plaintiff has found by means of a search warrant; that he has left the assigned goods in charge of the father and brother of the assignor and the clerks in his store, and that he has declared his intention to sell the same to defendant S. Cohen, the brother, at fifty cents on the dollar.

They charge fraud and false representations on the part of defendant E. Cohen in contracting the debts due to plaintiff and in the assignment, alleging that the debts preferred in said assignment are fictitious and in favor of near relatives of the assignor, and they aver the apprehension of plaintiffs of irreparable damage to plaintiff if defendant Dannenberg should be permitted to remain in possession of the assigned effects and administer the said trust.

On the part of defendants the answer verified by defendants S. Cohen and Dannenberg, and many affidavits in addition thereto, deny all fraud and fraudulent representations in the contracting of the debts, aver the *bona fides* of the preferred debts and of the assignment, explain the removal of part of the goods to have been for convenience in taking the inventory and setting apart the personal property exemption, and aver that the goods set apart were valued by three sworn appraisers at their true market value, and are not in excess of the amount to which the said E. Cohen is entitled for his exemption. They deny that defendant Dannenberg has declared his intention to sell said goods to defendant S. Cohen at fifty cents on the dol-

lar, but allege that defendant Dannenberg has been advised, by merchants in the city, that said sum would be a fair price for the same. They admit that many of the preferred creditors are relatives of defendant E. Cohen, the assignor, but assert that the debts are justly due and owing. The affidavit of about twenty citizens of Newbern testify to the good character, business capacity and fitness of defendant Dannenberg to act as assignee.

There may be other facts alleged and denied on each side, for the affidavits are voluminous, but the foregoing is a general statement of the contentions. The first and second exceptions were abandoned and those relied on may be considered together.

The Judge may not be governed so much by the number of persons making affidavit to a fact, such as the good reputation and fitness of a person for a special employment, as by his own convictions upon the weight of all the evidence offered him. There being apparent a serious controversy as to the *bona fides* of the assignment and of the debts preferred, it was necessary that the property or the proceeds of its sale should be held by injunction pending the litigation, for unless restrained it was the obvious duty of the assignee to sell the property and pay the preferred debts; hence the reasonable apprehension of irreparable injury.

The insolvency of the assignee was admitted, and it devolved upon his Honor to decide upon his fitness under all the circumstances of this case to hold or dispose of the property or the fund arising from its sale, which might be a question entirely distinct from one as to his character and reputation. Many men of good reputation might not be suitable persons for the special business proposed. It became a question as to the custody of this property or fund, which concerned not only the assignor and preferred creditors, but also those unpreferred creditors who were attacking the deed.

Justice to all parties concerned would seem to demand that the Court should take care to preserve it by placing it in the charge of an officer under bond and directly responsible to the Court for its safe-keeping until the end of the litigation.

While at the time of the execution of the deed in question it was entirely competent for a debtor to assign his property to an insolvent person who was otherwise qualified to execute the provisions of the deed of trust for the benefit of creditors, the policy of the law has since been declared by act of Assembly to throw greater safeguards around such transactions by requiring every trustee of this kind to give bond upon proper application for that purpose being made to the Clerk.   Acts 1893, ch. 453.

In the case of *Levenson* v. *Elson*, 88 N. C., 182, which was very similar to the one now before us, the principles were so clearly explained by the late Chief Justice SMITH that it is unnecessary for us here to repeat them.   In that case the injunction and appointment of a receiver were refused because it was found that the trustee named in the deed was amply solvent and responsible, and able out of his own estate to answer any demands which might be established against him for the management and disposition of the trust estate; and furthermore, that he was competent to conduct the business, and entirely trustworthy.

In the present case it is admitted the trustee is insolvent, and found as a fact, in which we concur under the circumstances, that he was not a fit person to execute the trust. ·

The last exception is that it was error to grant an injunction against defendant Dannenberg without requiring the plaintiffs to file any bond or fixing the amount thereof.   The order of Judge Shuford required the giving of an undertaking before the issue of the restraining order.   This was a compliance with the statute, section 341 of *The Code*.   It

was not necessary, if upon the hearing, on the return of the order to show cause, his Honor should continue the injunction to the trial, that he should require a new undertaking, unless for some reason and upon proper suggestion it should be made to appear that the bond already given was insufficient.                    No Error.