F. E. ENGSTRUM ET AL. V. UNION GAS ENGINE COMPANY ET AL.

(Filed 1 March, 1922.)

1. Injunction— Corporations—Nonresidents—Undertakings—Contracts— Parties.

Where, in an action against a contractor and subcontractor, it is admitted that the latter is a nonresident corporation, and is about to remove the remainder of its property from the State, and it is alleged that it owes the plaintiff in a certain sum, and it appears that the contractor has admitted service of summons and entered an appearance, and owes its codefendant money in a sum little more than the amount in suit, an order restraining the defendant contractor from paying over to its codefendant subcontractor, the moneys due it under the subcontract, is properly granted; and a provision in the order that the restraining order should automatically cease upon the subcontractor giving a bond in a certain sum in lieu thereof, and that the plaintiff also give bond to assure the defendants' costs and expenses was properly entered under the circumstances.

2. Injunction—Issues—Fraud—Trials.

Where the plaintiff has sufficiently shown that he is entitled to the injunctive relief sought in the action, all collateral matters as to fraud, etc., are properly continued to be determined with the other issuable matters of fact at the trial.

APPEAL by defendants from *Bond, J.,* at chambers in New Bern, 5 October, 1920, from CRAVEN.

This is an action by the plaintiffs, trading as the Newport Shipbuilding Company, to restrain the defendants, the Newport Shipbuilding Corporation, from paying to its codefendant, the Union Gas Engine Company, certain moneys. The plaintiffs allege in the complaint that the Union Gas Engine Company is indebted to them in the sum of $53,004.32, and that said engine company is a foreign corporation, resident in the State of California, and without assets in North Carolina, excepting the balance due to it by the Newport Shipbuilding Corporation under a contract with the U. S. Government set out in the record, on the terms of which there was due over $600,000. Under this contract the plaintiffs allege the Newport Shipbuilding Corporation has paid to its codefendant, the engine company, all the balance due, excepting about $60,000, and the contract is nearing completion when the remaining balance will soon be due to the engine company, which will remove the same from this State, and the plaintiffs could find no assets from which they could maintain a recovery, which they are entitled to have against the engine company. The complaint alleges that the Union Gas Engine Company has already been paid $549,000, and under the cause of action alleged in the complaint, the plaintiffs are entitled to recover from them

$53,004.32, and the defendant, the Union Gas Engine Company, would have no property in the State after the completion of such work from which the plaintiffs could recover the sum found due. The indebtedness of the gas engine company to the plaintiff is based upon a contract made by the Newport Shipbuilding Corporation and the plaintiff, the Newport Shipbuilding Company, for the construction of certain concrete vessels for the Government at New Bern, and the Union Gas Engine Company was a subcontractor for the furnishing of the gas engines and certain other equipment specified in the contract for said vessels. It is admitted that the gas engine company is a foreign corporation, and that it has no assets in this State sufficient to pay the judgment, if any, due the plaintiff should the plaintiff recover.

The plaintiff further alleges that the defendant Newport Shipbuilding Corporation had a contract with the U. S. Government for the construction of seven vessels, and the plaintiff partnership, trading under the name of the Newport Shipbuilding Company, subcontracted with it for the construction of the hulls and for certain other work on these vessels saving the gas engines and equipment to be furnished by the defendant gas engine company, the contract with which is set out in the record. Under the terms of this contract over $200,000 was required to be paid to the gas engine company before they started work on the construction of the engines required to be furnished by it, and in order to secure these advances the contract was sent to the War Department at Washington. The contract, which it is now attacking, its representatives before the War Department presented as the true contract between the parties to secure the advancement from the Government for the gas engines.

Upon the complaint and affidavits in this action, a temporary restraining order was issued by Guion, J., 17 June, 1920, returnable 16 August, 1920, and thereafter the restraining order was continued by consent from time to time until the October term of Craven, when, upon the hearing of the motion, Bond, J., continued the restraining order against the Union Gas Engine Company upon the plaintiff giving bond in the sum of $10,000, which was filed.

His Honor provided in the order that upon the giving of security at any time by the Union Gas Engine Company in the sum of $60,000 to secure the payment to the plaintiff of such sum as might be finally adjudged to be due the plaintiff, the injunction should stand dismissed without further order. There has been at no time any restraint against the shipbuilding corporation, and if the Union Gas Engine Company should desire to receive the money, which may become due, it can do so upon executing the bond prescribed by the judge. It is suggested that the codefendant, the Newport Shipbuilding Corporation, was not served

.with summons, but the record shows that it had admitted service and entered its appearance in this action. From the order continuing the restraining order to the hearing upon execution by plaintiff of the bond above stated, the defendant Union Gas Engine Company appealed.

*Moore & Dunn for plaintiffs.*
*Ward & Ward and T. M. Fields for defendant.*

CLARK, C. J. The defendants admit that both the defendants, the Newport Shipbuilding Corporation and the Union Gas Engine Company, are nonresidents having been incorporated in California, and that the Gas Engine Company is without property in the State; and further, that the Newport Shipbuilding Company is indebted to the Gas Engine Company in the sum of $60,000 or more.

It is true that the defendant engine company alleges that the action by the plaintiff is collusive and in the interest of the shipbuilding corporation. It admits that its codefendant is indebted to it in the sum of $60,000 or more, of which it is demanding payment, but avers that that corporation has several hundred thousand dollars worth of tangible personal property in the city of New Bern; that it is abundantly solvent and able to pay any judgment recovered against it by the plaintiff, and avers that the plaintiffs, stockholders, are the chief stockholders and practically sole owners of its codefendant, the Newport Shipbuilding Corporation, and are its directors and general officers, and that the pretense that they are different and have different and separate control is fictitious and fraudulent; that this suit is brought by collusion for the fraudulent purpose of preventing the codefendant from paying the amount due under the contract, and also to give the said codefendant colorable standing as a basis to deal with the Government in this and other contracts, and the plaintiffs are insolvent.

The allegations of fact in the complaint, and in denial, are matters which must be determined upon the evidence in the trial of the issues arising thereon. It is admitted that the defendant gas engine company is a nonresident corporation, with no property in this State. If the allegations of the plaintiff are found to be true, it would be without remedy, unless by injunction or attachment the plaintiff is able to .restrain the collection by the engine company of the sum it claims against its codefendant, the shipbuilding corporation.

In *Ellett v. Newman,* 92 N. C., 519, *Merrimon, J.,* held that, "Where there is reason to apprehend that the subject of the controversy will be destroyed or removed, or otherwise disposed of by the defendants pending the action, so that the plaintiff may lose the fruit of his recovery,

the court will take control of it by the appointment of a receiver or the granting of an injunction, or by both, if necessary, until the action shall be tried on its merits." It is true that in this case there is no direct controversy as to the subject-matter, but upon the granting of the injunction by the judge we must take it that he found, and there are affidavits to support his finding, that both defendants being nonresident corporations, and the gas engine company being without other assets in this State, if the $60,000 due to it by its codefendant, the shipbuilding company, was paid to it and removed from the State it could not then be attached or applied to the indebtedness due by it to the plaintiff, and therefore, in order to preserve such liability to any judgment that the plaintiff may recover of it, the gas engine company was required to give bond that such indebtedness may be forthcoming for application to any judgment which the plaintiff might recover, and in default of such bond is enjoined from collecting and removing such until its indebtedness to the plaintiff is determined by judgment.

The contract and dealings between the Union Gas Engine Company and its codefendant, being about concluded and all the payments thereunder having been made except the small balance, $60,000, which is little more than sufficient to pay the claim of the plaintiff, if the gas engine company were allowed to complete its contract and remove its manager and officers from this State, which the plaintiff alleges it is about to do, the plaintiff would have no method of securing service of process upon it, as both the defendants are California corporations.

The plaintiff could not acquire jurisdiction within the State of North Carolina except by the service of process issued and served before the managers had opportunity to leave the State, and it is alleged that when the service of summons was made upon the gas engine company, the officer upon whom it was served was preparing to leave, and had already removed all of its property, and but for this proceeding the plaintiff would have had no redress, since it could not have attached the indebtedness due to the defendant gas engine company by its codefendant after such payment and removal.

The order of the court allowing the gas engine company to execute bond to secure any judgment obtained against the shipbuilding corporation enables the gas engine company, without any inconvenience, to proceed with its business and to collect what was due to it, and the $10,000 bond required to be filed by the plaintiff protects the gas engine company from damages if there is any in restraining collection in excess of the sum which may be found to be due by it to the plaintiff.

Under these circumstances the injunction was properly continued to the hearing when all these matters of fact can be fully determined.

Affirmed.