JAMES ATKINS, APPELLANT, *vs.* N. AND J. DICK AND COMPANY, APPELLEES.

A bill for an injunction was filed, alleging that the parties who had obtained a judgment at law for the amount of a bill of exchange, of which the complainant was endorser, had, before the suit was instituted, obtained payment of the bill from a subsequent endorser, out of funds of the drawer of the bill, obtained, by the subsequent endorser, from one of the drawers. It was held, that it was not necessary to make the subsequent endorser, who was alleged to have made the payment, a party to the injunction bill.

In such a bill an allegation that the amount due on the bill of exchange was paid, is sufficient; without stating the value or nature of the effects out of which the payment was made.

If there be any one ground upon which a Court of Equity affords relief, it is an allegation of fraud, proved or admitted.

APPEAL from the Circuit Court of the United States for the Southern District of Mississippi.

On the 24th June, 1834, Cain and Lusk, merchants of Alabama, drew a bill of exchange for two thousand four hundred and five dollars, on Martin Pleasants and Company, of New Orleans, in favour of the appellant, James Atkins. This bill was endorsed by James Atkins to Parham N. Booker, and was afterwards endorsed to N. and J. Dick and Company, the appellees. The bill was protested, and the appellees brought a suit against James Atkins, in the Circuit Court of the United States for the District of Mississippi, to May term, 1838, and recovered a judgment for thirty-two hundred and twenty-five dollars.

Execution was issued on the judgment, and a levy was made on the property of James Atkins; who, in redemption of the same, gave a forthcoming bond, with sureties, for the delivery of the property to the marshal on the day of sale. The property not having been delivered according to the provisions of the bond, the marshal returned the bond as forfeited; whereby, according to the laws of the state of Mississippi, it became, in force and effect, a judgment against the obligor and his sureties.

The appellant, in order to stay execution on the bond against himself, and the sureties, filed a bill on the equity side of the Court, and obtained an injunction against the obligors in the bond.

The bill states, that since the giving of the forthcoming bond by the appellant, and his sureties, he has ascertained, and does verily believe, that N. and J. Dick and Company had been paid the money mentioned in the bill of exchange, before the institution of the suit on the same; but that he had no knowledge of this on the giving of the forthcoming bond and its forfeiture; that he is advised, and believes, that the bill of exchange was paid to N. and J. Dick and Company, by Parham N. Booker, before the action was brought against him on the bill; and that the same was paid because of

effects placed in the hands of Booker, by Lusk, one of the drawers of the bill. That he is advised and believes that he would have had a good and meritorious defence against Booker, on account of the effects placed in the hands of Booker by Lusk, had Booker brought an action against him in his own name; and he charges that the names of N. and J. Dick and Company have been used to defeat him in such a defence.

The defendant, the appellees demurred to the bill, and alleged the following causes of demurrer:

1. It is alleged in the bill as a substantive, and the original ground for injunction of the statutory judgment therein named, that one Parham N. Booker, is the actual, and not the nominal plaintiff in said judgment; that as endorser of the bill of exchange, (the basis of the judgment,) next after the complainant as the first endorser, having paid the amount of the bill to the holders, received certain effects of the drawers, whose amount ought to be credited to complainant; and yet the said Booker is not impleaded as a defendant.

2. Nor is the amount, or value, or nature of the effects, so charged to have been paid to the second endorser, specified in said bill; nor what part or portion was discharged, or whether any of such effects proved productive.

3. The said bill contains no matter or grounds whereon the Court can grant the relief prayed therein.

The Court ordered, adjudged, and decreed that the demurrer to the bill be sustained, and that the complainant have leave to amend his bill. It was further ordered, adjudged, and decreed, that the injunction be dissolved: and the complainant in the bill declined making any amendment to the bill, and put the cause down for a further hearing upon the bill and demurrer: and, after argument heard, it appearing to the satisfaction of the Court, that Parham N. Booker was materially interested in the issue of said cause, and that the said Booker had not been made a party to the same, it was, therefore, ordered, adjudged, and decreed, that the said bill be dismissed for want of proper parties to the same, &c.

The case was argued by Mr. Cocke, for the appellants; and by Mr. Crittenden, for the appellees.

For the appellants, it was contended,

1. That this being an injunction bill, and Booker being no party to the proceedings at law, he was not a necessary or proper party to the injunction bill.

2. That the fraud charged should have been denied by answer; and that the Court below in sustaining the demurrer and dimissing the bill, was guilty of manifest error.

3. That Booker's rights and remedies, whatever they may be, are separate and independent, and purely legal.

4. On sustaining the demurrer, the injunction ought not to have

been dissolved; but leave given to bring the other parties before the Court.

Mr. Cocke stated, that he was aware, that it is a rule in equity, that all persons materially interested in a suit ought to be made parties. But the Court will always look to the object of the suit in determining the question of the necessary parties to it. Law Library, vol. 49, pages 6, 7.

It is no part of the object of this bill to affect the liability of Atkins to Booker, on Atkins' endorsement to him. Booker's rights and remedies would remain unaffected by a decree of perpetual injunction of N. and J. Dick and Company.

On the subject of the rule of proper parties to a bill, a Court of Equity will not suffer it to be applied to defeat the purposes of justice; if the case can be disposed of without prejudice to the rights or interests of persons who are not made parties. A Court of Equity will not require persons to be made parties, where the circumstances of the case do not warrant it. Story's Equity Pleading, 78, and the authorities there stated.

This is not an original bill. In an injunction suit, no objection can be taken on the ground that absent persons are not made parties. Law Library, vol. 49, page 53.

Whatever rights Booker may have either at law or in equity, are predicated from the liabilities of Atkins to Booker, on Atkins' endorsement to him. Each endorsement is in the nature of a new bill. It constitutes a paramount, separate, distinct, and independent contract. Intermediate endorsers, or endorsees, are not necessary parties in equity: their remedies are on the bills of exchange, or promissory notes, and at law. Law Library, vol. 50, page 151. Ward *vs.* Vanbokklen, 2 Paige's Rep. 289. M'Carty *vs.* Graham, 2 Simmons' Rep. 285. 2 Atkins' Rep. 235.

The merits of the case between Atkins and N. and J. Dick and Company, can be determined without affecting the interest of Booker; and it is the duty of the Court to decree between the parties before them. Russell *vs.* Clark's executor, 7 Cranch, 69. Booker's rights could not be affected by the decree of perpetual injunction against N. and J. Dick and Company. Wendel *vs.* Van Rensselaer, 1 Johns. C. R. 437. 7 Conn. Rep. 437. Jay *vs.* Wirtz, 1 Wash. C. C. Rep. 517. He was not named as a party defendant, nor was process prayed against him, or his interest to be affected. He was, therefore, no proper party. Verplank *vs.* The Mercantile Insurance Company, 2 Paige's Rep. 438. The Executors of Brasher *vs.* Van Courtlandt, 2 Johns. C. R. 245. Lucas *vs.* The Bank of Darien, 2 Stew. Alabama Rep. 280. Lyle *vs.* Bradford, 7 Monroe Rep. 113. There was nothing demanded of Booker, and therefore, he should not be made a party. Kerr *vs.* Watts, 6 Wheat. Rep. 550.

Had Booker been made a party in equity, he could have claimed that he was not a party in the suit at law. That his rights were purely legal, distinct, separate, and independent, confined

alone to Atkins' endorsement to him, and have claimed to be restored to his remedy at law; and it would have been allowed to him. 2 Story's Equity Pleading, p. 172, sec. 885; p. 173, sec. 887. Marine Insurance Company vs. Hodgson, 7 Cranch, 336.

If the suit at law of N. and J. Dick and Company against Atkins, was really for the use of Booker, his name should have been placed on the record as the cestui que use; by concealing his connection with the suit, he has no right to shift the onus probandi as to the matters in litigation, or to have the advantages which his situation, as a defendant in Chancery would give him. This would be a fraud on Atkins' defence against Booker, at law. Courts of Equity would never allow the success of such a fraud. The demurrer is in bad grace; and it may be worthy of inquiry, upon what principles do N. and J. Dick and Company demur? It would be against conscience to execute a judgment at law, thus situated: Marine Insurance Company vs. Hodgson, 7 Cranch, 332.

The fact is, Booker can only be used in the injunction case, as a witness. Fenton vs. Hughes, 7 Vesey, Jr. Rep. 287. 1 S. C. Rep. 73, 74.

The bill insinuates that Booker is the instigator, and it may be that he may be an unwilling witness; but Atkins is entitled to the answer of N. and J. Dick and Company, and the testimony of Booker.

If it be true, as charged, that the bill of exchange has in fact been paid; it matters not by whom or how; the right of N. and J. Dick and Company to have an action again for the money, was gone both at law and in equity. They have no right to be paid twice. If they could have no action for themselves, it is difficult to perceive upon what principle they could have an action for another. By the payment of the bill of exchange, it was cancelled by law.

It is time enough for Atkins to litigate his rights with Booker, both at law and in equity, when Booker shall sue Atkins on Atkins' endorsement to Booker.

It is therefore claimed, that the decree of the Court below should be reversed; the demurrer be overruled; and leave granted to N. and J. Dick and Company to answer the bill.

Mr. Crittenden, for the appellees, contended, that the bill of the appellants was properly dismissed by the Circuit Court, for want of proper parties, and for want of equity.

The Circuit Court allowed the complainant to add proper parties; but this he refused, and went on, notwithstanding this permission. According to the allegations of the bill, not only Parham N. Booker, but all the sureties in the forthcoming bond, given to the marshal, should have been made parties to the suit, according to their interest in relation to the matters alleged in it; and in order to enable the Court to settle at once the whole controversy. McIntire vs. Hughes, 4 Bibb, 187. 3 Monroe, 398. 4 Monroe, 386. 3 J. J. Marshall, 44. Macey & Co. vs. Brooks, 4 Bibb, 238. Turner vs. Cox, 5 Litt. Rep. 175. Cummins vs. Boyle, 1 J. J. Marshall, 481.

The whole equity asserted by the appellants, grows out of the acts of others than those of N. and J. Dick and Company. It is alleged that Booker is now prosecuting the suit on the bill of exchange, in the name of N. and J. Dick and Company; and yet he is not made a party.

The assignor of a judgment, when a bill is filed against the parties to the judgment, must be made parties to the bill. The proceeding here is against an alleged nominal party; and yet the real party is not allowed an opportunity to be heard. If the appellant is successful in this proceeding, Booker will not be prevented suing on the bill of exchange, if he gets possession of it. Thus the controversy between the parties to the bill of exchange will not be settled by the present proceedings.

Mr. Justice BARBOUR delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of the United States, for the Southern District of Mississippi.

The appellant was the payee of a bill of exchange drawn by Cain and Lusk, which he endorsed to Parham N. Booker, who endorsed it to N. and J. Dick and Company.

The bill having been dishonoured, Dick and Company brought suit thereon, and recovered a judgment against Atkins, the first endorser.

Upon this judgment an execution was issued, a forthcoming bond was taken and forfeited; by reason whereof, the bond, according to a statute of Mississippi, had the force of a judgment on which execution was issued.

Atkins thereupon filed his bill in equity, in which he alleged that he had ascertained, and verily believed, that Dick and Company had been paid the amount of the bill of exchange, before the institution of their suit against him; but that he had no knowledge of it at the time of the giving and forfeiture of the forthcoming bond. That he was advised, and verily believed, that the bill of exchange was paid to Dick and Company, by Parham N. Booker, before the suit was brought; and that it was paid, because of effects placed in the hands of said Booker by Lusk, one of the drawers of the bill of exchange. That he was advised, and believed, that he would have had a good defence against Booker, on account of said effects received by him from Lusk, with which to pay the bill, in case said Booker had sued in his own name, thereon. That the names of Dick and Company were used with the intent to defeat him of that defence, in case he became advised that said effects had been placed in the hands of Booker by Lusk, with which to pay and satisfy the bill. The bill charged that in these proceedings the appellant had been most palpably defrauded; and that in order to consummate the fraud, Dick and Company had caused execution to issue on the judgment created by the forfeited forthcoming bond, which was then in the hands of the marshal; and it prayed an injunction, a perpetuation thereof, and for general relief. An injunction was granted. The defendants demur-

red to the bill, assigning three causes of demurrer, to wit: 1. That Booker was not made a party. 2. That neither the amount, nor, the value, nor the nature of the effects, charged in the bill to have been paid to the second endorser, was specified; and that it was not stated what part or portion was discharged, nor whether any of such effects proved to be productive. 3. That the bill contained no matter or grounds on which the Court could grant the relief prayed for. The Court sustained the demurrer, and gave the plaintiff leave to amend his bill; and he declining to make any amendment, they dissolved the injunction, and dismissed the bill for want of proper parties.

From that decree this appeal was taken. The defendants, having demurred to the bill, in the consideration of the case, we are to take all its allegations to be true.

The bill is somewhat inartificially drawn; but it substantially alleges that before the institution of the suit at law against the plaintiff, the amount of the bill of exchange in question had been paid to Dick and Company, by means of effects furnished by one of the drawers. The particular language of the allegation is, that it was paid to them, because of effects placed in the hands of Parham N. Booker, by Lusk, one of the drawers. Now we understand the import of this to be, that these effects constituted the means by which the payment was effected; whether Booker sold the effects, and paid the bill out of the proceeds of the sale, or detained them himself, and in their stead advanced their value in money, is an inquiry of no moment; because in either aspect of the case, the effect would be, that the bill was paid, by means furnished by one of the drawers. And upon this state of facts, it is clear that the same operation which satisfied the claim of Dick and Company, at the same time extinguished all the rights as well as liabilities growing out of the bill of exchange: because they, being the last endorsers, were the persons entitled to receive the amount of the bill; and the drawers being liable to every other party, and the funds by which the payment was effected being furnished by them, there was no longer any person who could have a claim against any other, founded upon a bill thus paid.

Upon this view of the subject, the question is, whether a party who has received payment of his debt, shall be permitted by a Court of Equity to avail himself of a judgment at law, to enforce a second payment; and that too, against a party who did not know of that payment, until after the judgment was obtained. To state such a proposition is to answer it.

The bill further charges the defendants with fraud, and this, too, is admitted by the demurrer. If there be any one ground upon which a Court of Equity affords relief with more unvarying uniformity than on any other, it is an allegation of fraud, whether proven or admitted. Whilst, therefore, a case stands before us upon such a bill and demurrer, we cannot hesitate to say it must be considered as entitling the party to the aid of a Court of Equity.

It is contended that Booker ought to have been made a party. And the ground taken is, (and this is the first cause of demurrer assigned,) that every person ought to be made a party who has an interest in the subject of controversy; and it is said that Booker is in that situation. We think that he has no interest in the object of this suit; in other words, that he is not interested in the question between these parties. The ground of equity is, that Dick and Company, the plaintiffs in the judgment at law, received payment of the amount recovered by them, before they brought their suit. Now if he were made a party at all, it must be as defendant. But the plaintiff neither sought, nor could he obtain, any decree against him. He only asked a perpetual injunction against Dick and Company, on the ground of an equity attaching upon them personally. If the plaintiff should prevail against them, it would be upon the ground that the amount of the bill had been paid to them by the drawers: supposing that to be the case, then Booker would not be liable to them as endorser. If, on the contrary, the plaintiff should fail, Booker's rights would in nowise be concluded or affected; but if, as endorser, he should be made liable to Dick and Company, then, as endorser, he could recover against the plaintiff, Atkins, as endorsee to him. But again: Booker's right and liability upon the bill are at law. We cannot, therefore, perceive any ground upon which, in a contest between two parties to a bill, founded upon an allegation of equity attaching personally to one of them, a third party can be brought into a Court of Equity to mingle in that litigation, when the attitude in which he stands is purely legal. If the equity attached to him, then he ought to be made a party: but as it does not, a Court of Equity is not the forum in which to discuss or to decide either his right or liability. A very familiar case will illustrate this principle. Suppose an obligee to assign a bond, on which the assignee recovers a judgment, where, by statute, he may sue in his own name; and that the obligor thereupon files his bill in equity, praying for a perpetual injunction, on the ground of some equity attaching upon the obligee before the assignment. In such a case, the assignor must be made a party, because he is directly interested in discussing the equity alleged to exist against him. But if, on the contrary, the bill were filed upon the ground of some equity not existing against the assignor, but arising between the obligor and assignee, after the assignment, then there would be no pretence for saying that the assignor ought to be a party: plainly, because, in that particular question, he has no interest whatsoever. Whichever way that question may be decided, the relation between the assignor and assignee, and the liability of the former to the latter, growing out of the assignment, are purely questions of law; wholly unaffected by the decision of the case in equity.

The second ground of demurrer is, that neither the amount, nor value, nor nature of the effects charged to have been paid, is specified; nor is it stated what portion of the debt was discharged, nor whether any of such effects proved to be productive. This cause

[Atkins *vs.* Dick et al.]

of demurrer we consider altogether untenable. The allegation in the bill is, that the money mentioned in the bill of exchange was paid to Dick and Company. This allegation covers the whole equity of the case; because it asserts that there was a payment, and that, a payment of the money mentioned in the bill; that is, the whole amount of the bill.

The third cause of demurrer, that there is no ground laid in the bill for relief, has been already discussed; and we have shown that the bill does contain sufficient allegations to entitle the complainant to the aid of a Court of Equity.

We are of opinion that the Circuit Court, instead of sustaining the demurrer, ought to have overruled it; and ordered the defendants to answer.

The decree is therefore reversed, and the cause remanded to the Circuit Court, to be proceeded in, in conformity with this opinion, and as to equity and justice shall pertain.