## CONE v. COMBS and others.

### (Circuit Court, D. Minnesota. November 8, 1883.)

1. MORTGAGE—APPOINTMENT OF RECEIVER FOR PROTECTION OF MORTGAGEE.
    It must clearly appear, before a receiver of rents and income will be appointed for the protection of the mortgagee, that the mortgagor is hopelessly insolvent and the property inadequate security for the debt.
2. SAME—LACHES OF MORTGAGEE—FAILURE TO ENFORCE DECREE OF FORECLOSURE.
    Where the mortgagee delays his suit for foreclosure, and permits the mortgagor to use the property for several years, a very strong case of probable injury to the rights of the mortgagee must be made out, and there must be a pressing necessity for the interposition of the court; and if a decree has been rendered and a sale ordered, and the mortgagee still neglects to have it enforced, the emergency must be grave, and an imperative necessity for the relief be shown to exist, before a court will exercise this extraordinary jurisdiction.

The defendant mortgaged his homestead for a debt which matured in the year 1878. Suit was commenced to foreclose the mortgage in the year 1883. In the month of April a final decree was entered. The property has not been offered for sale, and now, on November 7, A. D. 1883, a motion is made by the mortgagee for a receiver of rents and income.

*H. J. Horn,* for motion.

*W. D. Cornish, contra.*

NELSON, J. The mortgagee, having obtained a decree of sale and foreclosure of his mortgage after the lapse and period of nearly seven months from the rendition of his decree, without enforcing it, asks for the appointment of a receiver for the rents and profits until the mortgagor's right to redeem has expired, or the mortgage debt is paid. This is substantially the relief prayed for. This petition appeals to the extraordinary jurisdiction of a court of equity, which only is exercised in great emergency and with extreme caution. It must clearly appear, before a receiver of rents and income will be appointed for the protection of the mortgagee, that the mortgagor is hopelessly insolvent and the property inadequate security for the debt. If the property mortgaged is of much less value than the debt and accrued costs, and the mortgagor (who is personally liable) is insolvent, the mortgagee is usually entitled to a receiver, and this court heretofore has granted this relief when these elements have been clearly found to

exist. In this case the proof is beyond doubt that the personal liability of the morgagor is gone, and should a deficiency exist after sale of the mortgaged property, it could not be collected. The mortgagor has been discharged as a bankrupt and is not personally liable for this debt; but it is not satisfactorily proved that the mortgaged property is inadequate security. The burden is upon the mortgagee to establish this fact, as the presumption is, the property, when mortgaged, was ample security, and this presumption continues until the contrary is proved. There is a good deal of doubt as to the inadequacy of the security. The rate of interest for the loan is large, and although the debt matured in 1878, no steps were taken to foreclose the mortgage until 1883. If a suit to foreclose had been instituted then, (for anything that appears to the contrary,) the mortgagee would have long since had the property sold to pay the debt.

While it is true that the mortgagee may delay his suit for foreclosure after the debt is due, and default of the mortgagor to pay it, yet if he delays his remedy and permits the mortgagor to use the property for several years, a very strong case of probable injury to the rights of the mortgagee must be made out, and there must be a pressing necessity for the interposition of the court; and if, as in this case, a decree has been rendered and a sale ordered, and the mortgagee still neglects to have it enforced, the emergency must be grave, and an imperative necessity for the relief be shown to exist, before a court will exercise this extraordinary jurisdiction.

The evidence of value is conflicting, but many witnesses familiar with the mortgaged property place its value at several thousand dollars more than the debt.

Again, the property mortgaged in this case is the homestead of the mortgagor, and it is a matter of great doubt whether his possession should be disturbed in any event until after a sale and deficiency appears. True, the property is not now occupied by the mortgagor and his family, yet by the law of the state he loses none of his homestead·rights by the attempt to derive an income from it.

Motion for receiver denied.