BURNETT v. MORRIS MERCANTILE CO. et al.

(District Court, D. Oregon. January 9, 1899.)

No. 4,367.

BANKRUPTCY—JURISDICTION OF ACTIONS BY TRUSTEE.

Under Bankruptcy Act 1898, § 23, providing that suits by a trustee in bankruptcy shall be brought or prosecuted only in those courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, a court of bankruptcy has no jurisdiction of an action by such trustee to set aside an alleged fraudulent conveyance made by the bankrupt to a defendant who is a citizen of the same state with the bankrupt and the trustee.

George W. P. Joseph, for plaintiff.
W. M. Ramsey, for defendants.

BELLINGER, District Judge. This is a proceeding by a trustee in bankruptcy to set aside certain conveyances made by the bankrupt in fraud, as it is claimed, of his creditors. The defendants demur to the complaint upon the ground that this court is without jurisdiction, the controversy being one between citizens of the same state.

Section 23 of the bankrupt act provides:

"The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

It is clear that congress intended that the jurisdiction to set aside conveyances as made in fraud of creditors should not be enlarged by operation of the bankrupt act; that the jurisdiction in these cases should be determined with reference to the law as it then was. Any construction in favor of the jurisdiction of the district court of the United States based upon provisions of the law of general application is in conflict with the section quoted. It is argued that because the bankrupt cannot maintain a suit to set aside a conveyance, as fraudulent, made by himself, therefore the provision quoted does not apply in a case like this. But this is a question of jurisdiction,—a question of the right to determine, not of the principles to obtain in reaching a determination. If the bankrupt himself brought the suit, he could not be turned out of court on the question of jurisdiction. The authority of the court to decide as to his rights would be unquestioned, although he might be precluded in his right to relief by his own act. The statute intends to keep all controversies as to the validity of conveyances like these where they would have been if the bankrupt act had not been passed. The question of the validity of these conveyances is the vital question. That question, in the absence of the bankruptcy act, must necessarily be determined, in any proceeding brought therefor, by the courts of the state, unless the case involves the requisite

amount to give a federal court jurisdiction, and is between citizens of different states. As already suggested, it is wholly immaterial that in the one case—a case where the proceeding is instituted by the bankrupt himself—there could be no recovery upon the principles of estoppel, and in the other case, where the proceeding is brought by a creditor, a different result would follow. As stated, it is not a question of the determination to be reached, but of the jurisdiction to hear, and make a determination. The demurrer is sustained.