### HICKS v. KNOST.

(District Court, S. D. Ohio, W. D. June 1, 1899.)

No. 1,781.

BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEE.

Under the bankruptcy act of 1898, a federal district court sitting in bankruptcy has no jurisdiction of a bill in equity by a trustee in bankruptcy against a creditor of the bankrupt to recover from the defendant money alleged to have been paid to him by the bankrupt as a preference or in fraud of the other creditors. Such a suit must be brought in the proper state court or federal circuit court.

94 F.—40

In Equity.

This was a bill in equity by William A. Hicks, as trustee in bankruptcy of Albert Knost and Arnold Wilhelmy, late partners under the firm name of Knost & Wilhelmy, against Bertha Knost.

Max H. Winkler and W. A. Hicks, for plaintiff.
Frank M. Coppock, for defendant.

THOMPSON, District Judge. This is a suit in equity by a trustee in bankruptcy to compel the defendant to account for certain moneys which, it is claimed, were in part paid to her as a creditor of the bankrupts, by way of preference, and in part given to her, without consideration, in fraud of the other creditors, and is now presented to the court on the motion of the trustee for an order restraining the defendant from disposing of the moneys pending the hearing of the cause. This motion is resisted by the defendant on the ground that the court is without jurisdiction to entertain the bill or issue the injunction. If the court has jurisdiction to entertain the bill, it must be found in those provisions of sections 2 and 23 of the bankrupt act which read as follows:

"Sec. 2. That the courts of bankruptcy as hereinbefore defined, viz. the district courts of the United States in the several states, * * * are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter held, to * * * (7) cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided."

"Sec. 23. Jurisdiction of United States and State Courts. (a) The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. (b) Suits by the trustees shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. (c) The United States circuit courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this act."

This question has been considered by many of the district courts, but they do not agree as to the true construction of the sections quoted. It has been held that section 2 is in no wise limited by section 23; that section 23 applies only to the circuit courts, and limits their jurisdiction to such suits and actions as might have been brought or prosecuted therein, by the bankrupts, because of diverse citizenship; that clause b of section 23 was intended to cover suits and controversies, arising without the territorial jurisdiction of the bankruptcy courts, which trustees would be required to bring and prosecute in the courts where the bankrupt might have brought or prosecuted them, to wit, in the state courts, or in the United States circuit courts, if there was diversity of citizenship and the amount was sufficient to invoke that jurisdiction; but that, in all

cases arising within the territorial jurisdiction of the bankruptcy courts, resort may be had by trustees to those courts alone, and that full scope for the application of the exception in clause 7 of section 2 is found in the provisions of the act which authorize compromises and arbitrations, and which permit trustees to prosecute or defend pending suits. In re Sievers, 91 Fed. 370-373. It has also been held that the limitation of jurisdiction referred to by the exception in clause 7 of section 2 is found in section 23, but that it is only applicable to causes of action existing in favor of bankrupts prior to adjudication, and is not intended to cover causes of action accruing to trustees in the discharge of their official duties; that in such a case as the one at bar the trustee's right of action is not a derivative one, growing out of a prior right possessed by the bankrupt, but his right is original, created by law, and in the enforcement of it he represents the creditors, and his suit is, in effect, the exact equivalent of a creditors' bill to reach property fraudulently transferred; that when suits which the bankrupt could have brought or prosecuted in the courts of the state are spoken of, evidently real suits upon existing causes of action belonging to the bankrupt are meant, and not suits for the pretended enforcement of causes of action which never existed in favor of the bankrupt. Carter v. Hobbs, 92 Fed. 594.

It is said, in support of these rulings, that a construction of the exception in clause 7 of section 2 which would remit to the courts of the state jurisdiction over all suits for the collection of debts and demands due the bankrupt would be repugnant to the body of the act, and not admissible. Is this true? Whether it is or not must be determined from an examination of the act itself, with a view to ascertain its general purpose and intent. The object and purpose of the law is (1) to discharge honest bankrupts from their debts, and (2) to secure to their creditors an equal distribution of their estates. Now, is it necessary, within the meaning of the law, in order to accomplish these ends, to invest bankruptcy courts with jurisdiction to hear and determine all controversies incident to the collection and conversion into money of the bankrupt's estate? Must all suits and actions for that purpose, actions on accounts, promissory notes, and contracts, and suits to foreclose mortgages, set aside fraudulent conveyances, and the like, be brought in the bankruptcy courts, without reference to the amount involved, the citizenship of the parties, or the questions presented? Must the dockets be crowded, and the time of the district courts be taken up with the hearing of minor controversies, at great inconvenience and expense to the litigants, who may be compelled to travel long distances to attend the courts, or was it the intention of congress to follow its long-established policy of permitting such controversies to be determined in the local state courts, at the doors of the people, without unnecessary expense or inconvenience? It is the policy of congress to require all controversies where the amount involved is less than $2,000 to be determined in the state courts, notwithstanding they may involve a federal question or the parties be of diverse citizenship, and the construction of the bankrupt act insisted upon by the complainant would

antagonize and defeat that policy, in so far as controversies arising under that act are concerned. The consistent adherence of congress to this policy is illustrated by the act of August 13, 1888 (25 Stat. 433), permitting receivers appointed by United States courts to be sued in the state courts, and, if congress intended by the bankrupt act to establish an exception repugnant to this general policy, it should clearly appear from the language of the law, without the aid of ingenious construction.

Under the bankrupt act the courts of bankruptcy are invested with jurisdiction to adjudge persons bankrupt; allow or disallow claims against bankrupts; appoint receivers or the marshals to take charge of the property of bankrupts until the trustee is qualified; try offenses against the bankrupt law; authorize the business of bankrupts to be conducted by receivers, marshals, or trustees; bring in parties necessary to a complete determination of a matter in controversy; close estates, when they appear to be fully administered; confirm or reject compositions; consider, and confirm, modify, or overrule, the action of referees; determine the bankrupt's exemptions; discharge or refuse to discharge bankrupts; enforce obedience to the orders of the court by fine and imprisonment; extradite bankrupts; make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act; punish contempts before referees; appoint trustees, when the creditors fail to do so, and remove them; tax costs and render judgments therefor; transfer causes to other courts of bankruptcy; and "cause the estates of bankrupts to be collected, reduced to money, and distributed; and determine controversies in relation thereto, except as herein otherwise provided." But it is claimed that, if this exception permits actions and suits incident to the collection and reduction to money of the bankrupt's estate to be brought in the state courts or the United States circuit courts, the bankruptcy courts will be shorn of power to accomplish the purpose of their creation. The bankruptcy courts may cause such controversies to be compromised or arbitrated (sections 26 and 27), or may determine them when they arise between trustees and bankrupts, or between trustees and creditors, but will be shorn of power to accomplish the purpose of their creation, if they are not permitted to try actions at law and hear suits in equity between trustees and strangers who claim property acquired or claimed by the trustees.

I cannot agree with this construction of the law. It seems to me that it was the intention of congress to permit such controversies, when they could not be settled by compromise or arbitration, to be litigated in the courts which, under the general law, would have jurisdiction of them, just as assignees under state insolvency laws bring suits in courts of general jurisdiction to collect assets, which are afterwards distributed by the court of insolvency. The bankrupt court controls the trustee, supervises the administration of his trust, settles his accounts, and orders the distribution of the moneys in his hands, but is not required to assume the burden of the litigations necessary for the collection of assets, nor are adverse claimants of

property acquired or claimed by trustees to be put to unnecessary inconvenience and expense in litigating their rights. I find support for this view of the law in Burnett v. Mercantile Co., 91 Fed. 365, in Mitchell v. McClure, Id. 621, and in Re Abraham (recently decided by the circuit court of appeals, Fifth circuit) 1 Nat. Bankr. News, 281, 93 Fed. 767.

It is not necessary in this case to give construction to the last clause of subdivision b of section 23 which reads, "Unless by consent of the proposed defendant," but I am inclined to think it has reference, not to jurisdiction in bankruptcy courts, but to courts having jurisdiction of the subject-matter of the action, but not of the person of the proposed defendant. The motion for the injunction will be overruled, and the bill will be dismissed, at complainant's costs.