## In re NEWBERRY.

(District Court, W. D. Michigan, S. D. October 4, 1899.)

### No. 12.

JURISDICTION OF COURTS OF BANKRUPTCY—SUITS BY TRUSTEES.

Bankr. Act 1898, § 23b, providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them, if proceedings in bankruptcy had not been instituted," is a limitation upon the jurisdiction of circuit courts of the United States, but does not affect the jurisdiction in bankruptcy conferred upon the district courts by other clauses of the act; and a court of bankruptcy has jurisdiction of a suit by a trustee to recover property alleged to have been transferred by the bankrupt in fraud of his creditors, notwith-

standing that the trustee, the bankrupt, and the defendant are all citizens of the same state.

In Bankruptcy.

George Clapperton, for bankrupt.
Dunham & Dunham, for creditors.

SEVERENS, District Judge. In this matter an application has been made on behalf of the trustee for leave to file a bill or petition for the purpose of recovering certain real estate which the creditors claim the bankrupt has transferred to another for the purpose of defrauding them. A question is made, upon the construction of the provisions of the bankruptcy act, in respect to the jurisdiction of this court to entertain such a bill; it being claimed that as the bankrupt, the trustee, and the proposed defendants are all citizens of this state, and residents of this district, by section 23b of the act cognizance of such a controversy can only be taken by the state court. The construction of section 23 and of section 2 in respect to this matter of jurisdiction is somewhat obscure, and different constructions have been placed upon those provisions. Burnett v. Mercantile Co., 91 Fed. 365; In re Sievers, Id. 366; Carter v. Hobbs, 92 Fed. 594. It is to be noted that by section 70a the trustee, upon his appointment and qualification, shall be vested, by operation of law, with the title of the bankrupt, as of the date he was adjudged a bankrupt, to "(4) property transferred by him in fraud of his creditors." The result is that all such property is brought under the control of the court, whose officer such trustee is. Section 2 of the act invests the district courts "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings"; and among the matters of which jurisdiction is given is to "(7) cause the assets of the bankrupt to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided." There could be no doubt, I think, that, if it were not for the provisions of section 23, the matter of the present application would be subject to the jurisdiction thus conferred. By section 23 it is provided:

"(a) The United States circuit court shall have jurisdiction of all controversies at law and in equity as distinguished from proceedings in bankruptcy between trustees as such, and adverse claimants concerning the property acquired or claimed by the trustee, in the same manner, and to the same extent only, as though bankruptcy proceedings had not been instituted and such controversy had been between the bankrupt and such adverse claimants. (b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee, might have brought or prosecuted them, if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant."

I think that all of these provisions of section 23 are to be construed with reference to each other, and that the "suits by the trustee" refer to suits which the trustee shall elect to bring in the circuit court, and so construed there is no conflict between sections 2 and 23. A suit brought by the trustee in the circuit court can only be brought in a court where the bankrupt himself might have

been plaintiff. I therefore reach the same conclusion as that arrived at by Judge Baker in Carter v. Hobbs, above cited, although upon a slightly different ground. An anomalous state of things would be presented if the bankruptcy court, which is charged with the duty of prompt action in collecting and distributing the estate of the bankrupt, should be .compelled to await and be balked by the pendency of proceedings in another court having a jurisdiction entirely foreign to its own, and in no manner subject to it. The reasons for finding, if fairly practicable, a construction which will avoid such inconvenience, are quite fully stated by Judge Baker in the case above cited, and, indeed, are obvious. My conclusion, therefore, is that this court has jurisdiction, and the leave applied for is granted.