COX v. WALL et al.

(District Court, W. D. North Carolina. January 15, 1900.)

1. BANKRUPTCY—JURISDICTION—SUITS BY TRUSTEES.

Bankr. Act 1898, § 23b, providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted," is a limitation upon the jurisdiction of the circuit courts of the United States, and does not affect the jurisdiction in bankruptcy conferred upon the district courts by other clauses of the act; and a court of bankruptcy has jurisdiction of a suit in equity by a trustee to recover property alleged to have been fraudulently conveyed or transferred by the bankrupt, although the trustee, the bankrupt, and the defendant are all citizens of the same state.

2. SAME—JURISDICTION OF STATE COURTS.

State courts have jurisdiction, concurrent with that of the courts of bankruptcy, of actions by a trustee in bankruptcy to collect the assets of the estate or to set aside alleged fraudulent transfers or conveyances by the bankrupt; and whichever court. state or federal, first takes cognizance of such an action will have the right to dispose of the case finally and conclusively.

3. SAME—REMEDY AT LAW.

A bill in equity, brought by a trustee in bankruptcy to set aside a sale of a stock of goods made by the bankrupt in fraud of his creditors and in fraud of the bankruptcy act, will not be dismissed on the theory that complainant has a plain and adequate remedy at law, equity being the appropriate forum for such a suit.

4. SAME—PARTIES—THE BANKRUPT.

A bankrupt is not a necessary party to a suit in equity by his trustee to set aside an alleged fraudulent transfer or conveyance by the bankrupt to the defendant.

5. SAME—APPOINTMENT OF RECEIVER.

On a bill in equity by a trustee in bankruptcy to set aside a sale of a stock of merchandise by the bankrupt to the defendants, alleged to have oeen fraudulent as to creditors, and asking for the appointment of a re-- ceiver, it appeared that the bankrupt, while in embarrassed circumstances, had secured an extension from his creditors, executing notes in ·large amounts, had then proceeded to make large purchases of stock, had offered his stock in trade at a price below its alleged cost, and, upon effecting its sale to defendants, had immediately left the state; that the stock consisted` of goods subject to deterioration and fluctuation of price, and had not been inventoried, so that its value could not be correctly estimated; and that the defendants were probably not worth much more than the amount of their debts. Held, that a receiver should be appointed to take possession and control of the property in question, and sell it, depositing the proceeds in a designated depository.

In Bankruptcy. On demurrer to bill in equity filed by Walter O. Cox, as trustee in bankruptcy of W. H. Gilbert, against John D. Wall and T. W. Huske.

A. H. Eller, Jones & Patterson, and Louis M. Swink, for complainant.

Watson, Buxton & Watson and Glenn & Manly, for defendants.

EWART, District Judge. This is a bill in equity filed by the complainant, as trustee of the bankrupt, for the purpose of setting aside a sale made by the bankrupt, Gilbert, to the respondents, of a certain stock of hardware; the said sale having been made, as complainant alleges, in fraud of the bankruptcy act, and in fraud of the creditors of the said estate. The facts are as follows: Gilbert was a retail hardware dealer in the city of Winston, N. C., carrying a stock of $16,000 or $18,000. Becoming embarrassed in June, 1899, he secured an extension from his creditors, executing notes in large amounts, maturing December, 1899, and January, 1900. Immediately after securing this extension, he bought largely of hardware dealers, increasing his stock to an abnormal extent; at the same time selling stock in hand at cut prices, at and below cost. In September, 1899, Gilbert repeatedly attempted to dispose of his stock, both at Martinsville, Va., and Winston, N. C., offering the same at figures considerably below alleged cost. On or about the 5th of October, 1899, he sold his Winston stock to respondents, and immediately thereafter left the state. Proceedings in involuntary bankruptcy were at once instituted by his creditors, and he was duly adjudged a bankrupt, and Cox, the complainant, elected trustee of his estate.

The respondents demur to the bill filed in this case, raising the question of the jurisdiction of the district court to entertain this cause. It is claimed that, as the bankrupt, the trustee, and the respondents are all citizens of this state and residents of this district, by section 23b of the act cognizance of such a controversy can only be taken by the state courts.

It is to be regretted that the decisions of the courts upon this question have not been uniform. On the contrary, there are many conflicting opinions. In support of the proposition that the district court has jurisdiction, vide In re Gutwillig, 34 C. C. A. 377, 92 Fed. 337; Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325; Carter v. Hobbs (D. C.) 92 Fed. 594; In re Sievers (D. C.) 91 Fed. 366; In re Fixen (D. C.) 96 Fed. 753; In re Richard (D. C.) 94 Fed. 636; In re Smith (D. C.) 92 Fed. 135; In re Newberry (D. C.) 97 Fed. 24; In re Byrne, Id. 763; Robinson v. White, Id. 34. Contra, Mitchell v. McClure (D. C.) 91 Fed. 621; Burnett v. Mercantile Co., Id. 365; In re Kelly, Id. 504; In re Rockwood, Id. 363; In re Buntrock Clothing Co. (D. C.) 92 Fed. 886; Heath v. Shaffer (D. C.) 93 Fed. 647; In re Abraham, 35 C. C. A. 592, 93 Fed. 774.

A careful examination of the cases decided satisfies me that the section referred to (to wit, 23b), providing that "suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted," is a limitation upon the jurisdiction of cir-

cuit courts of the United States, and does not affect the jurisdiction in bankruptcy conferred upon the district courts by other clauses of the act, and that a court of bankruptcy has jurisdiction of a suit by a trustee to recover property alleged to have been conveyed or transferred by the bankrupt in fraud of his creditors, notwithstanding that the trustee and the bankrupt and the defendants are all citizens of the same state. In reaching this conclusion, I do not wish to be understood as casting any doubt upon the jurisdiction of the courts of the state to entertain jurisdiction and try suits for any cause of action whatever brought by the trustee of a bankrupt against parties who fraudulently or otherwise were in possession of the bankrupt's estate, or were indebted to the bankrupt. I am clearly of the opinion that courts of this state are invested with complete and plenary jurisdiction over fraudulent transfers and conveyances concurrent with this court, and that whichever of the two courts first took cognizance of the case had the right to finally and conclusively dispose of the same. In the case at bar, Cox, trustee of Gilbert, bankrupt, chose to institute his bill in equity in this forum, and this court has therefore acquired jurisdiction. Vide Ex parte Christy, 3 How. 292, 11 L. Ed. 603; Atkinson v. Purdy, Fed. Cas. No. 616; McLean v. Bank, Fed. Cas. No. 8,885; Burbank v. Bigelow, 92 U. S. 179, 23 L. Ed. 542; Woolridge v. McKenna (C. C.) 8 Fed. 650; Olney v. Tanner (D. C.) 10 Fed. 101; In re Anderson (D. C.) 23 Fed. 482; Bachman v. Packard, Fed. Cas. No. 709; Main v. Glen, Fed. Cas. No. 8,973; Hallack v. Tritch, Fed. Cas. No. 5,956; Loveland, Bankr. p. 490; Black, Bankr. p. 123; Lea v. George M. West Co., 1 Nat. Bankr. N. 264, 91 Fed. 237, affirmed in United States supreme court, 1 Nat. Bankr. N. 409, 19 Sup. Ct. 836, 43 L. Ed. 1098; In re John A. Etheridge Furniture Co., 1 Nat. Bankr. N. 112, 92 Fed. 329; In re Bruss Ritter Co., 1 Nat. Bankr. N. 58, 90 Fed. 651; In re O'Connor, 1 Nat. Bankr. N. 381–384, 95 Fed. 943; In re McKee, 1 Nat. Bankr. N. 139.

As has been well said by Judge Severens in Re Newberry (D. C.) 97 Fed. 24:

"An anomalous state of things would be presented if the bankruptcy court, which is charged with duty of prompt action in collecting and distributing the estate of the bankrupt, should be compelled to await and be balked by the pendency of proceedings in another court having jurisdiction entirely foreign to its own, and in no manner subject to it."

It is further insisted by respondents that the complainant, as trustee, if he has any right to the stock of goods described, has a plain, clear, and adequate remedy at law, and cannot invoke the equitable jurisdiction of this court to enforce his right. Section 723, Rev. St. U. S., provides "that suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate and complete remedy may be had at law." The construction placed on this statute by the supreme court of the United States is as follows: "It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." Boyce v. Grundy, 3 Pet. 215, 7 L. Ed. 655; Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580. But the foregoing stat-

ute, which is merely declaratory as a rule of common law, is no more binding than the following well-established rules governing the proceedings in equity. Equity has always had jurisdiction of subjects like fraud, misrepresentation, concealment, specific performance, and cancellation of instruments, of all of which equity has jurisdiction per se, and the rule of inadequate legal remedy does not apply. 2 Am. & Eng. Enc. Law, p. 201. Equity always has jurisdiction of fraud, misrepresentation, and concealment, and it does not depend upon discovery. Jones v. Bolles, 9 Wall. 364, 19 L. Ed. 734. Courts of equity will aid a creditor by removing a fraudulent incumbrance or a conveyance of his debtor's property. Hagan v. Walker, 14 How. 29, 14 L. Ed. 312. In Clements v. Moore, 6 Wall. 299, 18 L. Ed. 786, the same being a creditors' bill in the district court to set aside a fraudulent transfer of a stock of goods, it was held "that equity is the appropriate remedy, being more flexible and capable of administering justice than can be done under the rules of law." Vide, also, Hudgins v. Kemp, 20 How. 45, 15 L. Ed. 853; Venable v. Bank, 2 Pet. 107, 7 L. Ed. 364. In former bankruptcy acts, equitable jurisdiction of the court was invoked in the following cases: Stucky v. Bank, 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640; Grant v. Bank, 97 U. S. 80, 24 L. Ed. 971; Rogers v. Palmer, 102 U. S. 263, 26 L. Ed. 164; Auffmordt v. Rasin, 102 U. S. 620, 26 L. Ed. 262; Barbour v. Priest, 103 U. S. 293, 26 L. Ed. 478; Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130; Phipps v. Sedgwick, 95 U. S. 3, 24 L. Ed. 591; Neblett v. MacFarland, 92 U. S. 101, 23 L. Ed. 471; Goodenow v. Milliken, Fed. Cas. No. 5,535; Harmanson v. Bain, Fed. Cas. No. 6,072; People v. Brennan, 12 N. B. R. 567, 3 Hun, 666. The jurisdiction is not confined to fraudulent conveyances of real estate, but it extends as well to fraudulent sales of personal property. 5 Enc. Pl. & Prac. p. 405; Carr v. Parker, 10 Mo. App. 364. In the matter of alienation of personal property by any means which is in fraud of creditors, courts of equity and courts of law have concurrent jurisdiction. Smith, Eq. Rem. Cred. p. 62; Atkins v. Dick, 14 Pet. 114, 10 L. Ed. 378. In a bill filed by a trustee like this, the bankrupt is not a necessary party. The bankrupt is not a necessary party to a suit to avoid a fraudulent transfer. Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381; Benton v. Allen (C. C.) 2 Fed. 448; Harding v. Crosby, Fed. Cas. No. 6,050; Smith, Eq. Rem. Cred. p. 82.

The complainant asks that a receiver be appointed. Mr. Smith, in his most excellent work on Equitable Remedies of Creditors (page 315), says:

"It is common practice in equitable proceedings, either in creditors' bills, or bills in the nature of creditors' bills, and supplemental proceedings, to appoint a receiver, when the property is of such a nature as to render it necessary or to facilitate the action of the court. The appointment is peculiarly appropriate if the transfer consists of personal property, where the possession is an important factor of ownership, and where concealment or removal is so easily accomplished."

The supreme court of North Carolina in Ellett v. Newman, 92 N. C. 523, in a case involving personal property, very similar to the case at bar, uses the following language:

"The authority of the court to preserve property, the subject of litigation, pending the action, until final judgment, and then to apply it, as justice may require, is too manifest to admit of question, and such authority should be exercised when it appears that there is reasonable ground to believe that the plaintiff may recover, and the interference of the court is necessary to protect the property in question pending the controversy." Vide Parker v. Grammer, 62 N. C. 28, 32; Craycroff v. Morehead, 67 N. C. 422; Morris v. Willard, 84 N. C. 293; Levenson v. Elson, 88 N. C. 182; Twitty v. Logan, 80 N. C. 69; Cone v. Combs (C. C.) 18 Fed. 576; Shepherd v. Pepper, 133 U. S. 626, 10 Sup. Ct. 438, 33 L. Ed. 706.

In the case at bar it appears that this is a stock of merchandise, subject to deterioration and fluctuation in price; that no inventory of the property has been taken, and until this is done no correct estimate and value can be placed thereon; that the respondents owe $8,000 to the Wachoria National Bank of Winston; and that their property is listed at a little more than $9,000, nearly all of which is personal property. In view of these facts, in the judgment of the court, it is proper that a receiver should be appointed until the equities of all parties interested should be determined by a final decree. It is therefore ordered, adjudged, and decreed that the injunction issued by this court December 16, 1899, be continued till the final hearing of this cause. The respondents are hereby enjoined and restrained from interfering in any manner with the stock of goods described in the bill of complaint, the same being the identical stock of goods alleged to have been purchased by respondents of Gilbert, bankrupt. Samuel F. Vance, of Winston, is hereby designated and appointed as temporary receiver to take into his possession and control said stock of goods described in the bill of complainant. The said John D. Wall and T. W. Huske will immediately, upon demand of S. F. Vance, receiver as aforesaid, deliver to S. F. Vance, as receiver, immediate possession of the entire stock of goods described in plaintiff's bill, and now in the possession of Wall & Huske, together with all books, accounts, and papers in any wise appertaining or relating to the said stock of goods formally belonging to W. H. Gilbert, bankrupt. Upon taking possession of said stock of goods, the said S. F. Vance, receiver, will, as early as practicable, sell the same, either at public or private sale, upon such terms as he may deem best for the interest of the creditors and claimants to the said property; the funds realized therefrom to be deposited with the People's National Bank at Winston, N. C., till all bona fide claims and liens of those holding same are hereafter established. Before entering upon the discharge of his duties as receiver, the said S. F. Vance will enter into bond, with good and sufficient sureties, the said bond to be approved by the clerk of this court at Greenboro, in the sum of $20,000, conditioned that he will faithfully discharge the duties of his office as receiver, and will account to the proper parties for the funds received by him in such capacity. This cause is retained for further orders.